UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-MC-23236

| | |
|---|---|
| In Re Application Of<br><br>MARIA FERNANDA RIGAIL PONS,<br><br>　　　　　　　　　Applicant<br><br>pursuant to 28 U.S.C. § 1782<br>For Judicial Assistance in Obtaining<br>Evidence for Use in Foreign and International<br>Proceedings. | |

## MARIA FERNANDA RIGAIL PONS'S EX PARTE APPLICATION FOR
## JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

Maria Fernanda Rigail Pons ("Applicant"), respectfully submits this Application for Judicial Assistance, pursuant to 28 U.S.C. § 1782, in obtaining documentary and testimonial evidence for use in a foreign proceeding ("Application"). In support, Applicant states as follows:

### INTRODUCTION

1.  The facts relevant to this Application are set forth below and in the Declaration of Maria Fernanda Rigail Pons ("Declaration"), attached here as **Exhibit A**. The facts stated in the Declaration are incorporated herein by reference.

2.  Applicant seeks assistance from the United States District Court for the Southern District of Florida to obtain documentary evidence from several entities and individuals that reside or are found in this District, as described below. The evidence is for use in a pending proceeding before the Ecuador Family Court,[1] which is conducting an inventory and appraisal of

---

[1] All capitalized terms not defined herein shall have the same meaning ascribed to them in the Declaration attached as Exhibit A.

Applicant's and her ex-husband's marital assets, with the goal of achieving a just and equitable distribution of the marital assets (the "Foreign Proceeding"). Ex. A, ¶¶3-4.

3. Based on documentary evidence found by Applicant in her former marital home, it appears Applicant's former husband has failed to disclose all of his assets to the Ecuador Family Court and took active steps to hide said assets from Applicant. Ex. A, ¶¶23-52.

4. Accordingly, Applicant requires assistance from this Court to obtain information and documents from the following "Discovery Targets," which appear to have additional information and documents in their possession, custody, or control regarding the ex-husband's undisclosed marital assets, including, but not limited to his interest in and assets held through several offshore companies:

    a. UBS Financial Services Inc., which regularly transacts business in the Southern District of Florida and is believed to be headquartered at 100 SE 2nd St. 24th Floor, Suite 2500, Miami, FL, 33131.

    b. UBS AG, which regularly transacts business in the Southern District of Florida and is believed to be headquartered at 701 Brickell Avenue, #3250, Miami, Florida 33131.[2]

    c. CA Indosuez Wealth, which regularly transacts business in the Southern District of Florida and is believed to be headquartered at 600 Brickell Avenue 37th Floor, Miami, Florida 33131.

---

[2] UBS has advised counsel for Applicant that it is best practice to serve subpoenas on UBS AG, in addition to any subpoenas served on a U.S. affiliate of UBS AG, to guarantee that all potentially responsive records are searched.

        d.        Amke Registered Agents, LLC; which regularly transacts business in the Southern District of Florida and is believed to be headquartered at One SE 3rd Avenue, Suite 2250, Miami, Florida 33131.

        e.        Mr. Phillippe Larmier, who is currently the Deputy General Manager at the Miami branch of Credit Agricole Private Bank, is believed to have been Avellán's financial advisor since at least 2002, and appears to reside in this District.

5.        There is ample evidence, described fully in Applicant's Declaration, that the Discovery Targets have relevant and probative information regarding the ex-husband's undisclosed marital assets. Ex. A, ¶¶23-52.

6.        Should the Court grant the Application, Applicant proposes to serve subpoenas substantially in the form as those attached hereto as **Composite Exhibit B** on the Discovery Targets.

7.        As demonstrated below, Applicant meets the statutory requirements under 28 U.S.C. § 1782, and the discretionary factors weigh in favor of granting the relief requested in this Application.

## ARGUMENT

### I.    Standard for Granting Relief

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). Section 1782 "provide[s] for assistance in obtaining documentary and other tangible evidence as well as testimony." Id. at 248. The statute reads, in pertinent part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a) (2016).

Courts have distilled § 1782's language into a two-part inquiry – whether a district court is *authorized* to grant relief and whether it *should* grant relief in its broad discretion. First, a district court is authorized to grant relief when the following statutory requirements are met: (1) the person from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing;"; (3) the request must be made "by a foreign or international tribunal," or by "any interested person;" and (4) the evidence must be "for use in a proceeding in a foreign or international tribunal." [3] 28 U.S.C. § 1782(a); see In re Clerici, 481 F.3d 1324 (11th Cir. 2007).

---

[3] It should be noted that district courts may, and indeed typically do, grant § 1782 relief on an *ex parte* basis. See In re Eurasian Bank Joint Stock Co., No. 3:15-mc-106-L-BN, 2015 WL 6438256 at *2 (Horan, Mag.) (N.D. Tex. Oct. 21, 2015) ("the Court notes that *ex parte* filing of

Next, once a district court has determined that it is authorized to grant relief, it is free to grant relief in its broad discretion. The court's discretion is guided by the discretionary factors recited by the Supreme Court in Intel:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" and therefore their evidence may be "unobtainable absent § 1782(a) aid";
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";
>
> (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and
>
> (4) whether the § 1782(a) request is "unduly intrusive or burdensome."

Intel, 542 U.S. at 264-65. This discretion is further informed by the twin Congressional aims of § 1782, "which are to provide efficient means of assistance to participants in international litigation in our federal courts and to encourage foreign countries by example to provide similar means of assistance to our courts." In re Pimenta, 942 F. Supp. 2d 1282, 1289 (S.D. Fla. 2013) (citing Euromepa, S.A. v. R. Esmerian, Inc., 154 F.3d 24 (2d Cir. 1998)).

---

an application for discovery under 28 U.S.C. § 1782 is permissible."); Gushlak v. Gushlak, 486 F. App'x 215, 217 (2d Cir. 2012) ("it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash [a subpoena] pursuant to Federal Rule of Civil Procedure 45(c)(3).") (citing, *inter alia*, Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 78 (2d Cir. 2012); In re Edelman, 295 F.3d 171, 173-75 (2d Cir. 2002); In re Clerici, 481 F.3d 1324 (11th Cir. 2007) (affirming denial of motion to vacate order granting *ex parte* § 1782 application)).

As demonstrated below, Applicant satisfies the statutory requirements and, therefore, this Court should grant the relief sought in the Application.

## II.     Applicant Meets the Mandatory Requirements for Granting Relief

### A.     The Discovery Targets Reside or are Found in This District

There should not be any serious debate that the Discovery Targets "reside or are found in" the Southern District of Florida.  The Discovery Targets regularly transact business maintain their principal place of business in this District. See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A., 747 F.3d 1262, 1269 (11th Cir. 2014) ("JAS USA…has an office and does business in Miami and is therefore 'found in the district of the district court ruling on the application for assistance'—namely, the Southern District of Florida.").  Furthermore, the Discovery Targets' presence in this District may safely be categorized as systematic and continuous.[4] As to Mr. Phillippe Larmier (the individual included amongst the Discovery Targets) he has been the vice president of both Credit Lyonnais and Credit Agricole Private Bank (which operated and/or continue to operate in this District through CA Indosuez Wealth) and is believed to have been Applicant's ex-husband's personal financial advisor since at least 2002. Ex. A, ¶¶40-42. Based on public searches, Mr. Larmier appears to work and reside in this District.

---

[4]     Professor Hans Smit, drafter of § 1782, has commented: "Insofar as the term ['found'] applies to legal rather than natural persons, it may safely be regarded as referring to judicial precedents that equate systematic and continuous local activities with presence." Hans Smit, American Assistance to Litigation in Foreign and Int'l Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited, 25 Syracuse J. Int'l L. & Com. 1, 10 (Spring 1998); see also In re Godfrey, 526 F.Supp.2d 417, 422 (S.D.N.Y. 2007) (applying same rationale).

**B.     The Discovery Sought is for Use in a Proceeding in a Foreign Tribunal**

Section 1782 expressly provides that evidence collected may be "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). Applicant satisfies this requirement as the discovery sought through the instant Application is for use in the Foreign Proceeding. See Ex. A, ¶54. As discussed in the Applicant's Declaration, Applicant seeks documents from the Discovery Targets to obtain testimonial and documentary evidence relating to assets that Applicant's ex-husband has activley concealed and failed to disclose in the Foreign Proceeding before the Ecuador Family Court. Id. ¶¶54-55.

**C.     Applicant is an Interested Person**

A person who has "participation rights" and "possesses a reasonable interest in obtaining judicial assistance . . . qualifies as an interested person within any fair construction of that term." Intel, 542 U.S. at 256-7 (2d Cir. 2004) (internal citations omitted). "The legislative history to § 1782 makes plain that 'interested person' includes a party to the foreign litigation." See Lancaster Factoring Co. Ltd. v. Mangone, 90 F.3d 38, 42 (2d Cir. 1996) (internal citations omitted). Here, Applicant is an "interested person" in her capacity as claimant in the Foreign Proceeding. Ex. A, ¶¶17, 61. Hence, Applicant meets the third statutory requirement under 28 U.S.C. § 1782(a).

**III.    This Court Should Exercise its Discretion in Favor of Granting Relief**

As noted above, once the District Court has determined that the mandatory requirements for relief under § 1782 are met, the Court is free to grant discovery in its discretion.

First, the Discovery Targets are not parties to the Foreign Proceeding and they are not contemplated to become parties thereto. See Ex. A, ¶57. Accordingly, this factor weighs in favor of granting the Application. See Intel, 542 U.S. at 264 ("the need for § 1782(a) aid generally is

not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.").

Second, counsel retained in the Foreign Proceeding have advised that there is no indication that the Ecuador Family Court would not be receptive to the documentary evidence sought through the instant Application. Ex. A, ¶¶58-59; see also In re Eurasian Bank Joint Stock Co., 2015 WL 6438256 at *3 ("In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, which Eurasian's local counsel has represented to the Court that he has been unable to find, the Court determines that the second factor does not weigh against an exercise of discretion in Eurasian's favor.").

Third, counsel retained in the Foreign Proceeding have advised the Applicant that the evidence sought through the instant Application would likely be admissible and does not otherwise circumvent any proof-gathering restrictions in Guatemala. Id.

Finally, this Application is not unduly intrusive or burdensome as Applicant proposes to serve the Discovery Targets with the sample subpoenas attached as **Composite Exhibit B** for this Court's review. Moreover, Applicant seeks the type of testimonial and documentary evidence financial institutions typically produce in the normal course of litigation.

As such, each discretionary factor identified by the Intel Court weighs in favor of granting the Application.

WHEREFORE, Applicant respectfully requests this Court enter an Order, in the proposed, or substantially similar, form attached hereto as **Exhibit C**:

(a) exercising its discretion, pursuant to 28 U.S.C. § 1782, and granting this Application;

(b) granting Applicant leave to conduct discovery pursuant to the Federal Rules of Civil Procedure, including, but not limited to, leave to serve the subpoenas, in substantially the same form as the sample subpoenas attached as Composite Exhibit B to this Application;

(c) reserving jurisdiction to grant Applicant leave to serve follow-up subpoenas on any other person or entity as may be necessary to obtain the evidence described in the Application; and

(d) granting any other relief this Court deems just and proper.

Dated: August 2, 2019

Respectfully submitted,

*/s/ Cristina Vicens Beard*
Arnoldo B. Lacayo, Esq.
FBN: 675482
alacayo@sequorlaw.com
Cristina Vicens Beard, Esq.
FBN: 111357
cvicens@sequorlaw.com

**SEQUOR LAW, P.A.**
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202

*Attorneys for Applicant, Maria Fernanda Rigail Pons*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | | | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | | | | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | |
| | ❏ 362 Personal Injury - Medical Malpractice | | | ❏ 865 RSI (405(g)) | ❏ 890 Other Statutory Actions |
| | | | | | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | | |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | | **Other:** | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 446 Amer. w/Disabilities - Other | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____