# **COMPOSITE EXHIBIT B**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Southern District of Florida

| | |
|---|---|
| IN RE APPLICATION OF                 ) <br>     MARIA FERNANDA RIGAIL PONS,   ) <br> Pursuant to 28 U.S.C. § 1782          ) <br> For Judicial Assistance in Obtaining     ) <br> Evidence For Use in Foreign and       ) <br> International Proceedings.            ) | Case No. _____ |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      **Amke Registered Agents, LLC**

By Serving:  **ABALLI MILNE KALIL, P.A., ITS REGISTERED AGENT**
                  **2250 SunTrust International Ctr**
                  **One S.E. Third Ave**
                  **Miami, FL 33131**

✓   *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: *See attached* **SCHEDULE**.

| Place:   **Sequor Law, P.A.** <br>          1001 Brickell Bay Drive, 9th Floor <br>          Miami, Florida 33131 | Date and Time: <br> [TBD] |
|---|---|

    The deposition will be recorded by this method:   Court Reporter

✓  *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: *See attached* **SCHEDULE**.

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   August 2, 2019

             *CLERK OF COURT*
                                    OR

     _____       */s/ Cristina Vicens Beard*
         *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Applicant, who issues or requests this subpoena, are: **Cristina Vicens Beard, Esq.,** cvicens@sequorlaw.com, **1001 Brickell Bay Drive, 9th Floor, Miami, FL 33131; (305) 372-8282.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 1 )

Civil Action No.

### PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                      *Server's signature*

                                      _____
                                      *Printed name and title*

                                      _____
                                      *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3 )

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE**

**DEFINITIONS**

1.      "You" or "Your" refers to the recipient of this Subpoena, Amke Registered Agents, LLC, including its respective agents acting within the scope of that agency.

2.      "Avellan" means **Carlos Alberto Avellán Areta** or anyone acting for him or on his behalf.

3.      "Related Entities" shall refer to the entities listed below:

        a)  Acería del Ecuador C.A.
        b)  Inversiones Alabamas Corporation Ltd.
        c)  Singletary Holdings, LLC
        d)  Kona Marketing Limited
        e)  Eldine Trading Limited
        f)  Honaker Corporation

4.      "Related Individuals" shall refer to the individuals listed below:

        a)  Carla Avellán Pinto
        b)  Camila María Avellán Pinto
        c)  Juan José Avellán Arteta
        d)  Felipe Avellán Arteta

5.      "Document" shall have the same meaning and scope as "documents or electronically stored information" within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A).

6.      "Communication" means any exchange of words, notes, symbols, ideas, or thoughts between two or more people by any medium or method, including: hand-written; typed; e-mail; text message or via other telephone messaging service such as WhatsApp or Telegram; recorded audio; voice recording; or any other medium or method capable of recording and electronically storing a Communication.

7.      "Accounts" shall be construed in the broadest sense and shall include all bank and/or depository accounts at any financial institution, including, but not limited to any credit, checking, savings, investment, certificate of deposit, money market, interest bearing, brokerage, bond, stock or equity trading, credit card, line of credit, revolving, or loan account, in the name of the Avellan or any of the Related Entities, or in which Avellan and/or any of the Related Entities is an authorized signatory.

8.     "Entities" means any corporate entity, limited liability entity, business association, partnership, association, limited liability company, or other business organization or business venture.

9.     "Property" refers to any tangible object, including but not limited to: real estate, vehicles, equipment and machinery, artwork, coins, jewelry, collectibles, sculptures, books and manuscripts, ethnographic arts, furniture and decorative arts, watches, musical instruments, drawings, photographs and prints.

10.     "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or with an interest in an asset, including a gift, grant, alienation, bargain, sale, conveyance, lease, release, creation of lien or encumbrance, assignment, retention of title as a security interest, consignment, and bailments of any kind.

11.     "All" means one original, or one copy, of each "Document" as defined above. If you have the original, produce the original. If you have a copy but not the original, produce a single copy. If any copy differs from the original or another copy in any respect, including, without limitation, drafts or versions or copies containing notes, comments or insertions, produce each. Any foreign language copies, drafts or originals shall be produced in addition to their English counterparts.

12.     The terms "and" and "or" shall each be interpreted in every instance, both conjunctively and disjunctively, as meaning "and/or" so as to bring within the scope of these document requests any information that might otherwise be construed to be outside their scope.

13.     "Regarding", "Relating to", or "Reflecting" means referring to, pertaining to, being part of, regarding, evidencing, being evidence of, showing, generated or transmitted in the course of, constituting, memorializing, or concerning in any way, all or any part of the specified things, events, transactions, relationships, facts or contentions;

14.     "Relevant Period" shall refer to the period of time beginning with and including December 1, 1999, through and including the date of complete production of the documents responsive to this Subpoena, including any period of time that production of responsive documents is delayed by the filing of any objection, motion to quash, or motion for protective order in connection with this Subpoena.

15.     "Person" means natural person(s), corporation(s), association(s), partnership(s), sole proprietorship(s) or public entity(ies).

16.     Any other term not defined herein shall have the same definition and meaning ascribed to it in the Declaration of Maria Fernanda Rigail Pons attached to the Application for Judicial Assistance Under 28 U.S.C. § 1782.

17.     These requests shall be deemed continuing to require You to reasonably supplement Your responsive production if You gain knowledge that Your response was incomplete.

## **GENERAL PROVISIONS**

1.     You are requested to produce all documents that are in your possession, custody, or control, including, but not limited to, documents in the possession, custody or control of your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on your behalf.  You have the affirmative duty to contact any third party, including the foregoing, from whom you have **"the legal right to obtain the documents requested upon demand."**  Sergeeva v. Tripleton Int'l Ltd., 834 F.3d 1194, 1201 (11th Cir. 2016) (affirming order that U.S. company produce documents in the physical possession or custody of a foreign affiliate); SeaRock v. Stripling, 736 F.2d 650, 653–54 (11th Cir. 1984).

2.     To the extent applicable to any Documents produced in response to this Subpoena, please provide an affidavit or certification sufficient to identify such Documents as business records of a regularly conducted activity, as described in Florida Statutes section 90.803(6).

3.     The documents produced pursuant to this Subpoena for production of documents are to be segregated and identified by the number of the request to which the documents are responsive.

4.     In the event you claim that any document requested is unavailable, lost, misplaced, or destroyed, state the following:

     a.     the date you believe such document became unavailable, lost, misplaced, or destroyed; and

     b.     the reason why such document became misplaced, lost, or destroyed.

5.     In the event that you seek to withhold any document on the basis that it is covered by privilege, please provide the following information:

     a.     The name of each author, writer, sender, or initiator of such document or thing, if any;

     b.     The name of each recipient, addressee or party for whom such document or thing was intended, if any;

     c.     The date of such document, if any, or an estimate thereof so indicated if no date appears on the document;

    d.     The general subject matter as described in such document, or, if no such description appears, then such other description sufficient to identify said document; and

    e.     The claimed grounds for withholding the document, including, but not limited to the nature of any claimed privilege and grounds in support thereof.

6.     For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated, and that portion of the document not claimed to be privileged shall be produced.

7.     If production of documents or other items required by this Subpoena would be, in whole or in part, unduly burdensome, or if the response to an individual request for production may be aided by clarification of the request, contact  the issuer of this Subpoena, to discuss possible amendments or modifications of the Request within five (5) days of receipt of same.

8.     Documents maintained in electronic form <u>must be produced in their native electronic form with all metadata intact</u>. Data must be produced in the data format in which it is typically used and maintained. For electronic mail systems using Microsoft Outlook or LotusNotes, provide all responsive emails and, if applicable, email attachments and any related documents, in their native file format (i.e., .pst for outlook personal folder, .nsf for LotusNotes). For all other email systems provide all responsive emails and if applicable, email attachments and any related documents in TIFF format.

    a.     To the extent any electronically stored information, if produced in its native format, would be difficult or impossible to review because it would require proprietary or legacy software, said electronically stored information should be provided in Image (near-paper) format (i.e., .TIFF, or .PDF files) with a corresponding load file utilizing valid field delimiters and text qualifiers containing metadata and optical character recognition (OCR) extracted text for said electronically stored information named with the document identification (DocID) of its corresponding file.

    b.     To the extent any electronically stored information is a password protected native file, the password for the native file should be provided as metadata in a text file named with the document identification (DocID) of the corresponding password protected native file.

9.     To the extent that no single document exists or is in your possession, custody or control that contains all the information sought in any particular request, you are to provide such other documents in your possession, custody or control that are sufficient to show, compute, compile, or explain all the information sought in the request or as much information as is available.

10.     These requests shall be deemed continuing so as to require you to reasonably supplement your responsive production if you gain knowledge that your response was incomplete.

## DEPOSITION TOPICS

1.     All documents produced by You in response to the Subpoena including issues regarding their creation and/or authenticity.

2.     Your relationship with Avellan, including the nature and scope of any services rendered by You to Avellan.

3.     Information relating to payments received by You from Avellan or any of the Related Entities or Related Individuals and/or any person acting on their behalf or for their benefit.

4.     The acquisition, holding, and/or disposition of assets held by Avellan or any of the Related Entities or Related Individuals.

5.     The creation or formation, and Your role therein, of the Related Entities and any other Entity controlled or beneficially owned by Avellan and/or any of the Related Individuals.

## **SCHEDULE**

## **DOCUMENT REQUESTS**

1.      All contracts or agreements between You and Avellan and/or any of the Related Entities or Related Individuals, or any contract or agreement between You and any person for the benefit of Avellan and/or any of the Related Entities or Related Individuals.

2.      Documents sufficient to show the nature and scope of any services provided by You to Avellan and/or the Related Entities.

3.      All Documents authorizing, delegating, or assigning to You the authority to act on behalf or for the benefit of Avellan and/or any of the Related Entities or Related Individuals, including, but not limited to, powers of attorney.

4.      All Communications between You and Avellan and/or any of the Related Entities or Related Individuals relating to the acquisition, holding, disposition, or Transfer of any assets, funds, or Property.

5.      Any and all Documents regarding or relating to Avellan and/or any of the Related Entities or Related Individuals. This shall include but is not limited to: (i) all contracts; (ii) account statements; (iii) correspondence with third persons; (iv) wire transfers requests and/or payment requests; (v) all deeds, leases, mortgages, liens, or other written instruments evidencing an interest or an ownership in real property, legal or equitable, at any time; (vi) invoices for services rendered (vii) Bills of sale, contracts, closing statements, title policies or other written evidence of any personal or real property purchased or sold, or transferred in any manner whatsoever.

6.      All Documents prepared for, on behalf of, or for the benefit of Avellan and/or any the Related Entities or Related Individuals, including, but not limited to Documents relating to the formation or incorporation of any of the Related Entities or any other Entity beneficially owned by Avellan and/or the Related Individuals.

7.      All Documents reflecting any funds or Property received by You from Avellan and/or any of the Related Entities or Related Individuals, or on their behalf or for their benefit.

8.      All Documents regarding the Transfer of any funds or of any Property made by You or any Banks on behalf or for the benefit of Avellan and/or any Entities and Individuals.

9.      Documents sufficient to identify the shareholders, members, interest holders, and/or ultimate beneficial owners of the Related Entities and any other company in which Avellan and/or any of the Related Entities or Related Individuals holds any interest.

10.      All Documents showing or otherwise reflecting all payments, gifts, or any other Transfers received by You from or on behalf of Avellan, and/or any of the Related Entities or Related Individuals.

11.     All Documents regarding the Transfer of any funds or of any Property made by You or any Banks on behalf or for the benefit of Avellan and/or any Entities and Individuals.

12.     All Documents during the Relevant Period showing or otherwise reflecting all payments, gifts, or any other transfers from You or any Banks to Avellan or any Entities and Individuals or for the benefit of Avellan or any Entities and Individuals, including but not limited to, electronic funds transfer messages and confirmations, deposit slips, and cancelled checks (front and back).

13.     All Communications with Avellan and/or any of the Related Entities and/or Related Individuals or with any third party regarding any Property owned or believed to be owned by any of the Related Entities and/or Related Individuals.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Southern District of Florida

<table>
<tr><td>IN RE APPLICATION OF<br>MARIA FERNANDA RIGAIL PONS,<br>Pursuant to 28 U.S.C. § 1782<br>For Judicial Assistance in Obtaining<br>Evidence For Use in Foreign and<br>International Proceedings.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No. _____</td></tr>
</table>

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:         **CA Indosuez Wealth**
By Serving: **CORPORATION SERVICE COMPANY, ITS REGISTERED AGENT**
            **1201 Hays Street**
            **Tallahassee, FL 32301**

✓     *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: *See attached* **SCHEDULE**.

| Place: | **Sequor Law, P.A.**<br>1001 Brickell Bay Drive, 9th Floor<br>Miami, Florida 33131 | Date and Time:<br>[TBD] |
|---|---|---|

The deposition will be recorded by this method:  Court Reporter

✓ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: *See attached* **SCHEDULE**.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  August 2, 2019

CLERK OF COURT

OR

_____          */s/ Cristina Vicens Beard*
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Applicant, who issues or requests this subpoena, are: **Cristina Vicens Beard, Esq.,** cvicens@sequorlaw.com, **1001 Brickell Bay Drive, 9th Floor, Miami, FL 33131; (305) 372-8282.**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2 )

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

                                                          *Server's signature*

                                        _____

                                                          *Printed name and title*

                                        _____

                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3 )

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE

## <u>DEFINITIONS</u>

1.       "You", "Your", or "Bank" refers to the recipient of this Subpoena, including its predecessors Credit Agricole Miami Private Bank and/or Credit Lyonnais.

2.       "Avellan" means **Carlos Alberto Avellán Areta** or anyone acting for him or on his behalf.

3.       "Related Entities" shall refer to the entities listed below:

      a) Acería del Ecuador C.A.
      b) Inversiones Alabamas Corporation Ltd.
      c) Singletary Holdings, LLC
      d) Kona Marketing Limited
      e) Eldine Trading Limited
      f) Honaker Corporation

4.       "Related Individuals" shall refer to the individuals listed below:

      a) Carla Avellán Pinto
      b) Camila María Avellán Pinto
      c) Juan José Avellán Arteta
      d) Felipe Avellán Arteta

5.       "Document" shall have the same meaning and scope as "documents or electronically stored information" within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A).

6.       "Communication" means any exchange of words, notes, symbols, ideas, or thoughts between two or more people by any medium or method, including: hand-written; typed; e-mail; text message or via other telephone messaging service such as WhatsApp or Telegram; recorded audio; voice recording; or any other medium or method capable of recording and electronically storing a Communication.

7.       "Accounts" shall be construed in the broadest sense and shall include all bank and/or depository accounts at the Bank, including, but not limited to any credit, checking, savings, investment, certificate of deposit, money market, interest bearing, brokerage, bond, stock or equity trading, credit card, line of credit, revolving, or loan account, in the name of the Avellan or any of the Related Entities, or in which Avellan and/or any of the Related Entities is an authorized signatory.

8.       "Entities" means any corporate entity, limited liability entity, business association, partnership, association, limited liability company, or other business organization or business venture.

9.     "Property" refers to any tangible object, including but not limited to: real estate, vehicles, equipment and machinery, artwork, coins, jewelry, collectibles, sculptures, books and manuscripts, ethnographic arts, furniture and decorative arts, watches, musical instruments, drawings, photographs and prints.

10.     "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or with an interest in an asset, including a gift, grant, alienation, bargain, sale, conveyance, lease, release, creation of lien or encumbrance, assignment, retention of title as a security interest, consignment, and bailments of any kind.

11.     "All" means one original, or one copy, of each "Document" as defined above. If you have the original, produce the original. If you have a copy but not the original, produce a single copy. If any copy differs from the original or another copy in any respect, including, without limitation, drafts or versions or copies containing notes, comments or insertions, produce each. Any foreign language copies, drafts or originals shall be produced in addition to their English counterparts.

12.     The terms "and" and "or" shall each be interpreted in every instance, both conjunctively and disjunctively, as meaning "and/or" so as to bring within the scope of these document requests any information that might otherwise be construed to be outside their scope.

13.     "Relating to" means referring to, pertaining to, being part of, regarding, evidencing, being evidence of, showing, generated or transmitted in the course of, constituting, memorializing, or concerning in any way, all or any part of the specified things, events, transactions, relationships, facts or contentions;

14.     "Relevant Period" shall refer to the period of time beginning with and including December 1, 1999, through and including the date of complete production of the documents responsive to this Subpoena, including any period of time that production of responsive documents is delayed by the filing of any objection, motion to quash, or motion for protective order in connection with this Subpoena.

15.     "Person" means natural person(s), corporation(s), association(s), partnership(s), sole proprietorship(s) or public entity(ies).

16.     Any other term not defined herein shall have the same definition and meaning ascribed to it in the Declaration of Maria Fernanda Rigail Pons attached to the Application for Judicial Assistance Under 28 U.S.C. § 1782.

17.     These requests shall be deemed continuing to require You to reasonably supplement Your responsive production if You gain knowledge that Your response was incomplete.

## **GENERAL PROVISIONS**

1.      You are requested to produce all documents that are in your possession, custody, or control, including, but not limited to, documents in the possession, custody or control of your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on your behalf.  You have the affirmative duty to contact any third party, including the foregoing, from whom you have **"the legal right to obtain the documents requested upon demand."** Sergeeva v. Tripleton Int'l Ltd., 834 F.3d 1194, 1201 (11th Cir. 2016) (affirming order that U.S. company produce documents in the physical possession or custody of a foreign affiliate); SeaRock v. Stripling, 736 F.2d 650, 653–54 (11th Cir. 1984).

2.      To the extent applicable to any Documents produced in response to this Subpoena, please provide an affidavit or certification sufficient to identify such Documents as business records of a regularly conducted activity, as described in Florida Statutes section 90.803(6).

3.      The documents produced pursuant to this Subpoena for production of documents are to be segregated and identified by the number of the request to which the documents are responsive.

4.      In the event you claim that any document requested is unavailable, lost, misplaced, or destroyed, state the following:

      a.      the date you believe such document became unavailable, lost, misplaced, or destroyed; and

      b.      the reason why such document became misplaced, lost, or destroyed.

5.      In the event that you seek to withhold any document on the basis that it is covered by privilege, please provide the following information:

      a.      The name of each author, writer, sender, or initiator of such document or thing, if any;

      b.      The name of each recipient, addressee or party for whom such document or thing was intended, if any;

      c.      The date of such document, if any, or an estimate thereof so indicated if no date appears on the document;

      d.      The general subject matter as described in such document, or, if no such description appears, then such other description sufficient to identify said document; and

      e.      The claimed grounds for withholding the document, including, but not limited to the nature of any claimed privilege and grounds in support thereof.

6.      For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated, and that portion of the document not claimed to be privileged shall be produced.

7.      If production of documents or other items required by this Subpoena would be, in whole or in part, unduly burdensome, or if the response to an individual request for production may be aided by clarification of the request, contact  the issuer of this Subpoena, to discuss possible amendments or modifications of the Request within five (5) days of receipt of same.

8.      Documents maintained in electronic form <u>must be produced in their native electronic form with all metadata intact</u>. Data must be produced in the data format in which it is typically used and maintained. For electronic mail systems using Microsoft Outlook or LotusNotes, provide all responsive emails and, if applicable, email attachments and any related documents, in their native file format (i.e., .pst for outlook personal folder, .nsf for LotusNotes). For all other email systems provide all responsive emails and if applicable, email attachments and any related documents in TIFF format.

   a.      To the extent any electronically stored information, if produced in its native format, would be difficult or impossible to review because it would require proprietary or legacy software, said electronically stored information should be provided in Image (near-paper) format (i.e., .TIFF, or .PDF files) with a corresponding load file utilizing valid field delimiters and text qualifiers containing metadata and optical character recognition (OCR) extracted text for said electronically stored information named with the document identification (DocID) of its corresponding file.

   b.      To the extent any electronically stored information is a password protected native file, the password for the native file should be provided as metadata in a text file named with the document identification (DocID) of the corresponding password protected native file.

9.      To the extent that no single document exists or is in your possession, custody or control that contains all the information sought in any particular request, you are to provide such other documents in your possession, custody or control that are sufficient to show, compute, compile, or explain all the information sought in the request or as much information as is available.

10.     These requests shall be deemed continuing so as to require you to reasonably supplement your responsive production if you gain knowledge that your response was incomplete.

## **SCHEDULE**

## **DOCUMENT REQUESTS**

1.  For the Relevant Period, and for each Account, all of the following Documents relating to such Account:

    a.   account statements;

    b.   wire transfer, EFT, or ACH payment requests for payments in an amount greater than $500.00;

    c.   wire transfer, EFT, or ACH payment confirmations, details, or receipts for payments in an amount greater than $500.00;

    d.   cancelled checks (front and back) in an amount greater than $500.00;

    e.   deposit slips or receipts for any amount greater than $500.00;

    f.   records reflecting the receipt or delivery of securities;

    g.   applications for credit, including documentation attached to or provided in connection therewith;

    h.   credit reports;

    i.   signature cards; and

    j.   account opening Documents, including, without limitation, Know Your Customer Documents.

2.  For the Relevant Period, and for each Account, all communications, e-mails, and recorded conversations between the Bank and any other person or entity relating to such Account.

3.  Logs or spreadsheets listing all wire transfers initiated, originated, credited to, or ultimately received by any of the Related Entities and Individuals during the Relevant Period, in which transfers the Bank acted solely as an intermediary bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer.

4.  To the extent not included in Document Request No. 3, logs or spreadsheets of all payment messages—whether generated by CHIPS, SWIFT, Fedwire, or any other interbank payment service—relating to any wire transfer initiated, originated, credited to, or ultimately received by any of the Related Entities and Individuals, in which transfer the Bank acted solely as an intermediary bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer.

5.  Documents sufficient to identify any person (excluding persons within the Bank or its legal counsel) with whom You discussed or disclosed the existence of the Subpoena or the requests therein.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Southern District of Florida

IN RE APPLICATION OF                    )
MARIA FERNANDA RIGAIL PONS,             )        Case No. _____
Pursuant to 28 U.S.C. § 1782            )
For Judicial Assistance in Obtaining    )
Evidence For Use in Foreign and         )
International Proceedings.               )
                                        )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     **Philippe Larmier**

By Serving:

✓       *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: *See "**Deposition Topics**" below..*

| Place: | Sequor Law, P.A. | Date and Time: |
|---|---|---|
| | 1001 Brickell Bay Drive, 9th Floor | [TBD] |
| | Miami, Florida 33131 | |

The deposition will be recorded by this method:  Court Reporter

✓ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: *See attached* **SCHEDULE**.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  August 2, 2019

                        *CLERK OF COURT*
                                                OR

        _____        */s/ Cristina Vicens Beard*
          *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Applicant, who issues or requests this subpoena, are: **Cristina Vicens Beard, Esq.,** cvicens@sequorlaw.com, **1001 Brickell Bay Drive, 9th Floor, Miami, FL 33131; (305) 372-8282.**

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                              *Server's signature*

                                                    _____
                                                              *Printed name and title*

                                                    _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3 )

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE

## DEFINITIONS

1.      "You" or "Your" refers to the recipient of this Subpoena.

2.      "Avellan" means **Carlos Alberto Avellán Areta** or anyone acting for him or on his behalf.

3.      "Banks" means Credit Agricole Miami Private Bank and Credit Lyonnais, and any of its affiliates or subsidiaries.

4.      "Related Entities" shall refer to the entities listed below:

        a)  Acería del Ecuador C.A.
        b)  Inversiones Alabamas Corporation Ltd.
        c)  Singletary Holdings, LLC
        d)  Kona Marketing Limited
        e)  Eldine Trading Limited
        f)  Honaker Corporation

5.      "Related Individuals" shall refer to the individuals listed below:

        a)  Carla Avellán Pinto
        b)  Camila María Avellán Pinto
        c)  Juan José Avellán Arteta
        d)  Felipe Avellán Arteta

6.      The "Agricole Payment Instruction" shall refer to a piece of correspondence dated March 5, 2015, sent by Avellan to You, which is attached hereto as **Exhibit 1**.

7.      The "Lyonnais Letter" shall refer to a piece of correspondence dated May 31, 2002, sent by You to Avellan, which is attached hereto as **Exhibit 2**.

8.      The "Credit Agricole Letter" shall refer to a piece of correspondence dated May 10, 2012, sent by Avellan to You, which is attached hereto as **Exhibit 3**.

9.      "Document" shall have the same meaning and scope as "documents or electronically stored information" within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A).

10.      "Communication" means any exchange of words, notes, symbols, ideas, or thoughts between two or more people by any medium or method, including: hand-written; typed; e-mail; text message or via other telephone messaging service such as WhatsApp or Telegram; recorded audio; voice recording; or any other medium or method capable of recording and electronically storing a Communication.

11.     "Accounts" shall be construed in the broadest sense and shall include all bank and/or depository accounts at any financial institution or bank, including, but not limited to any credit, checking, savings, investment, certificate of deposit, money market, interest bearing, brokerage, bond, stock or equity trading, credit card, line of credit, revolving, or loan account, in the name of the Avellan or any of the Related Entities, or in which Avellan and/or any of the Related Entities is an authorized signatory.

12.     "Entities" means any corporate entity, limited liability entity, business association, partnership, association, limited liability company, or other business organization or business venture.

13.     "Property" refers to any tangible object, including but not limited to: real estate, vehicles, equipment and machinery, artwork, coins, jewelry, collectibles, sculptures, books and manuscripts, ethnographic arts, furniture and decorative arts, watches, musical instruments, drawings, photographs and prints.

14.     "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or with an interest in an asset, including a gift, grant, alienation, bargain, sale, conveyance, lease, release, creation of lien or encumbrance, assignment, retention of title as a security interest, consignment, and bailments of any kind.

15.     "All" means one original, or one copy, of each "Document" as defined above. If you have the original, produce the original. If you have a copy but not the original, produce a single copy. If any copy differs from the original or another copy in any respect, including, without limitation, drafts or versions or copies containing notes, comments or insertions, produce each. Any foreign language copies, drafts or originals shall be produced in addition to their English counterparts.

16.     The terms "and" and "or" shall each be interpreted in every instance, both conjunctively and disjunctively, as meaning "and/or" so as to bring within the scope of these document requests any information that might otherwise be construed to be outside their scope.

17.     "Relating to" means referring to, pertaining to, being part of, regarding, evidencing, being evidence of, showing, generated or transmitted in the course of, constituting, memorializing, or concerning in any way, all or any part of the specified things, events, transactions, relationships, facts or contentions;

18.     "Relevant Period" shall refer to the period of time beginning with and including December 1, 1999, through and including the date of complete production of the documents responsive to this Subpoena, including any period of time that production of responsive documents is delayed by the filing of any objection, motion to quash, or motion for protective order in connection with this Subpoena.

19.     "Person" means natural person(s), corporation(s), association(s), partnership(s), sole proprietorship(s) or public entity(ies).

20.     Any other term not defined herein shall have the same definition and meaning ascribed to it in the Declaration of Maria Fernanda Rigail Pons attached to the Application for Judicial Assistance Under 28 U.S.C. § 1782.

21.     These requests shall be deemed continuing to require You to reasonably supplement Your responsive production if You gain knowledge that Your response was incomplete.

## GENERAL PROVISIONS

1.     You are requested to produce all documents that are in your possession, custody, or control, including, but not limited to, documents in the possession, custody or control of your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on your behalf.  You have the affirmative duty to contact any third party, including the foregoing, from whom you have **"the legal right to obtain the documents requested upon demand."** Sergeeva v. Tripleton Int'l Ltd., 834 F.3d 1194, 1201 (11th Cir. 2016) (affirming order that U.S. company produce documents in the physical possession or custody of a foreign affiliate); SeaRock v. Stripling, 736 F.2d 650, 653–54 (11th Cir. 1984).

2.     To the extent applicable to any Documents produced in response to this Subpoena, please provide an affidavit or certification sufficient to identify such Documents as business records of a regularly conducted activity, as described in Florida Statutes section 90.803(6).

3.     The documents produced pursuant to this Subpoena for production of documents are to be segregated and identified by the number of the request to which the documents are responsive.

4.     In the event you claim that any document requested is unavailable, lost, misplaced, or destroyed, state the following:

        a.     the date you believe such document became unavailable, lost, misplaced, or destroyed; and

        b.     the reason why such document became misplaced, lost, or destroyed.

5.     In the event that you seek to withhold any document on the basis that it is covered by privilege, please provide the following information:

        a.     The name of each author, writer, sender, or initiator of such document or thing, if any;

     b.     The name of each recipient, addressee or party for whom such document or thing was intended, if any;

     c.     The date of such document, if any, or an estimate thereof so indicated if no date appears on the document;

     d.     The general subject matter as described in such document, or, if no such description appears, then such other description sufficient to identify said document; and

     e.     The claimed grounds for withholding the document, including, but not limited to the nature of any claimed privilege and grounds in support thereof.

6.     For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated, and that portion of the document not claimed to be privileged shall be produced.

7.     If production of documents or other items required by this Subpoena would be, in whole or in part, unduly burdensome, or if the response to an individual request for production may be aided by clarification of the request, contact the issuer of this Subpoena, to discuss possible amendments or modifications of the Request within five (5) days of receipt of same.

8.     Documents maintained in electronic form <u>must be produced in their native electronic form with all metadata intact</u>. Data must be produced in the data format in which it is typically used and maintained. For electronic mail systems using Microsoft Outlook or LotusNotes, provide all responsive emails and, if applicable, email attachments and any related documents, in their native file format (i.e., .pst for outlook personal folder, .nsf for LotusNotes). For all other email systems provide all responsive emails and if applicable, email attachments and any related documents in TIFF format.

     a.     To the extent any electronically stored information, if produced in its native format, would be difficult or impossible to review because it would require proprietary or legacy software, said electronically stored information should be provided in Image (near-paper) format (i.e., .TIFF, or .PDF files) with a corresponding load file utilizing valid field delimiters and text qualifiers containing metadata and optical character recognition (OCR) extracted text for said electronically stored information named with the document identification (DocID) of its corresponding file.

     b.     To the extent any electronically stored information is a password protected native file, the password for the native file should be provided as metadata in a text file named with the document identification (DocID) of the corresponding password protected native file.

9.      To the extent that no single document exists or is in your possession, custody or control that contains all the information sought in any particular request, you are to provide such other documents in your possession, custody or control that are sufficient to show, compute, compile, or explain all the information sought in the request or as much information as is available.

10.     These requests shall be deemed continuing so as to require you to reasonably supplement your responsive production if you gain knowledge that your response was incomplete.

## DEPOSITION TOPICS

1.      All documents produced by You in response to the Subpoena including questions regarding their creation and/or authenticity.

2.      Your professional and personal relationship with Avellan, and the nature and scope of any services rendered by You to Avellan.

3.      Information relating to payments received by You from Avellan or any of the Related Entities or Related Individuals and/or any person on their behalf or for their benefit.

4.      The acquisition, holding, and/or disposition of assets held by Avellan or any of the Related Entities or Related Individuals.

5.      The creation or formation, and Your role therein, of the Related Entities and any other Entity controlled or beneficially owned by Avellan and/or any of the Related Individuals.

## SCHEDULE

## DOCUMENT REQUESTS

1.      All contracts or agreements between You and Avellan and/or any of the Related Entities or Related Individuals, or any contract or agreement between You and a third party for the benefit of Avellan and/or any of the Related Entities or Related Individuals.

2.      Documents sufficient to show the nature and scope of any services provided by You to Avellan and/or the Related Entities.

3.      All Communications between You and Avellan and/or any of the Related Entities or Related Individuals relating to the acquisition, holding, disposition, or Transfer of any assets, funds, or Property.

4.      All Documents and Communications including, but not limited to relevant intra-office communications, relating to or created in response to the Agricole Payment Instruction.

5.      All Documents and Communications including, but not limited to relevant intra-office communications, relating to or created in response to the Lyonnais Letter.

6.      All Documents and Communications including, but not limited to relevant intra-office communications, relating to or created in response to the Credit Agricole Letter.

7.      Documents sufficient to identify all Accounts held by Avellan and/or any of the Related Entities at any time during the Relevant Period.

8.      All Documents authorizing, delegating, or assigning to You the authority to act on behalf or for the benefit of Avellan and/or any of the Related Entities or Related Individuals, including, but not limited to, powers of attorney.

9.      All Documents regarding or relating to Avellan and/or any of the Related Entities or Related Individuals. This shall include but is not limited to: (i) all contracts; (ii) account statements; (iii) correspondence with third persons; (iv) wire transfers requests and/or payment requests; (v) all deeds, leases, mortgages, liens, or other written instruments evidencing an interest or an ownership in real property, legal or equitable, at any time; (vi) invoices for services rendered (vii) bills of sale, contracts, closing statements, title policies or other written evidence of any personal or real property purchased or sold, or transferred in any manner whatsoever.

10.      All Documents prepared for, on behalf of, or for the benefit of Avellan and/or any the Related Entities or Related Individuals, including, but not limited to Documents relating to the formation or incorporation of any of the Related Entities or any other Entity beneficially owned by Avellan and/or the Related Individuals.

11.     Documents sufficient to identify the shareholders, members, interest holders, and/or ultimate beneficial owners of the Related Entities and any other company in which Avellan and/or any of the Related Entities or Related Individuals holds any interest.

12.     All Documents regarding the Transfer of any funds or of any Property made by You or any Banks on behalf or for the benefit of Avellan and/or any Entities and Individuals.

13.     All Documents showing or otherwise reflecting all payments, gifts, or any other Transfers received by You from or on behalf of Avellan, and/or any of the Related Entities or Related Individuals.

14.     All Documents during the Relevant Period showing or otherwise reflecting all payments, gifts, or any other transfers from You or any Banks to Avellan or any Entities and Individuals or for the benefit of Avellan or any Entities and Individuals, including but not limited to, electronic funds transfer messages and confirmations, deposit slips, and cancelled checks (front and back).

15.     All Communications with Avellan and/or any of the Related Entities and/or Related Individuals or with any third party regarding any Property owned or believed to be owned by any of the Related Entities and/or Related Individuals.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Southern District of Florida

| | | |
|---|---|---|
| IN RE APPLICATION OF | ) | |
| MARIA FERNANDA RIGAIL PONS, | ) | Case No. _____ |
| Pursuant to 28 U.S.C. § 1782 | ) | |
| For Judicial Assistance in Obtaining | ) | |
| Evidence For Use in Foreign and | ) | |
| International Proceedings. | ) | |
| | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: **UBS Financial Services Inc.**

By Serving: **CORPORATION SERVICE COMPANY, ITS REGISTERED AGENT**
**1201 Hays Street**
**Tallahassee, FL 32301**

✓ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: *See attached* **SCHEDULE**.

| Place: | **Sequor Law, P.A.**<br>1001 Brickell Bay Drive, 9th Floor<br>Miami, Florida 33131 | Date and Time:<br>[TBD] |
|---|---|---|

The deposition will be recorded by this method: Court Reporter

✓ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: *See attached* **SCHEDULE**.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 2, 2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | */s/ Cristina Vicens Beard* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing Applicant, who issues or requests this subpoena, are: **Cristina Vicens Beard, Esq.,** cvicens@sequorlaw.com, **1001 Brickell Bay Drive, 9th Floor, Miami, FL 33131; (305) 372-8282.**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2 )

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*

                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3 )

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE**

**DEFINITIONS**

1.      "You", "Your", or "Bank" refers to the recipient of this Subpoena.

2.      "Avellan" means **Carlos Alberto Avellán Areta** or anyone acting for him or on his behalf.

3.      "Related Entities" shall refer to the entities listed below:

   a) Acería del Ecuador C.A.
   b) Inversiones Alabamas Corporation Ltd.
   c) Singletary Holdings, LLC
   d) Kona Marketing Limited
   e) Eldine Trading Limited
   f) Honaker Corporation

4.      "Related Individuals" shall refer to the individuals listed below:

   a) Carla Avellán Pinto
   b) Camila María Avellán Pinto
   c) Juan José Avellán Arteta
   d) Felipe Avellán Arteta

5.      "Document" shall have the same meaning and scope as "documents or electronically stored information" within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A).

6.      "Communication" means any exchange of words, notes, symbols, ideas, or thoughts between two or more people by any medium or method, including: hand-written; typed; e-mail; text message or via other telephone messaging service such as WhatsApp or Telegram; recorded audio; voice recording; or any other medium or method capable of recording and electronically storing a Communication.

7.      "Accounts" shall be construed in the broadest sense and shall include all bank and/or depository accounts at the Bank, including, but not limited to any credit, checking, savings, investment, certificate of deposit, money market, interest bearing, brokerage, bond, stock or equity trading, credit card, line of credit, revolving, or loan account, in the name of the Avellan or any of the Related Entities, or in which Avellan and/or any of the Related Entities is an authorized signatory.

8.      "Entities" means any corporate entity, limited liability entity, business association, partnership, association, limited liability company, or other business organization or business venture.

9.      "Property" refers to any tangible object, including but not limited to: real estate, vehicles, equipment and machinery, artwork, coins, jewelry, collectibles, sculptures, books and manuscripts, ethnographic arts, furniture and decorative arts, watches, musical instruments, drawings, photographs and prints.

10.     "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or with an interest in an asset, including a gift, grant, alienation, bargain, sale, conveyance, lease, release, creation of lien or encumbrance, assignment, retention of title as a security interest, consignment, and bailments of any kind.

11.     "All" means one original, or one copy, of each "Document" as defined above. If you have the original, produce the original. If you have a copy but not the original, produce a single copy. If any copy differs from the original or another copy in any respect, including, without limitation, drafts or versions or copies containing notes, comments or insertions, produce each. Any foreign language copies, drafts or originals shall be produced in addition to their English counterparts.

12.     The terms "and" and "or" shall each be interpreted in every instance, both conjunctively and disjunctively, as meaning "and/or" so as to bring within the scope of these document requests any information that might otherwise be construed to be outside their scope.

13.     "Relating to" means referring to, pertaining to, being part of, regarding, evidencing, being evidence of, showing, generated or transmitted in the course of, constituting, memorializing, or concerning in any way, all or any part of the specified things, events, transactions, relationships, facts or contentions;

14.     "Relevant Period" shall refer to the period of time beginning with and including December 1, 1999, through and including the date of complete production of the documents responsive to this Subpoena, including any period of time that production of responsive documents is delayed by the filing of any objection, motion to quash, or motion for protective order in connection with this Subpoena.

15.     "Person" means natural person(s), corporation(s), association(s), partnership(s), sole proprietorship(s) or public entity(ies).

16.     Any other term not defined herein shall have the same definition and meaning ascribed to it in the Declaration of Maria Fernanda Rigail Pons attached to the Application for Judicial Assistance Under 28 U.S.C. § 1782.

17.     These requests shall be deemed continuing to require You to reasonably supplement Your responsive production if You gain knowledge that Your response was incomplete.

## **GENERAL PROVISIONS**

1.      You are requested to produce all documents that are in your possession, custody, or control, including, but not limited to, documents in the possession, custody or control of your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on your behalf. You have the affirmative duty to contact any third party, including the foregoing, from whom you have **"the legal right to obtain the documents requested upon demand."** Sergeeva v. Tripleton Int'l Ltd., 834 F.3d 1194, 1201 (11th Cir. 2016) (affirming order that U.S. company produce documents in the physical possession or custody of a foreign affiliate); SeaRock v. Stripling, 736 F.2d 650, 653–54 (11th Cir. 1984).

2.      To the extent applicable to any Documents produced in response to this Subpoena, please provide an affidavit or certification sufficient to identify such Documents as business records of a regularly conducted activity, as described in Florida Statutes section 90.803(6).

3.      The documents produced pursuant to this Subpoena for production of documents are to be segregated and identified by the number of the request to which the documents are responsive.

4.      In the event you claim that any document requested is unavailable, lost, misplaced, or destroyed, state the following:

   a.      the date you believe such document became unavailable, lost, misplaced, or destroyed; and

   b.      the reason why such document became misplaced, lost, or destroyed.

5.      In the event that you seek to withhold any document on the basis that it is covered by privilege, please provide the following information:

   a.      The name of each author, writer, sender, or initiator of such document or thing, if any;

   b.      The name of each recipient, addressee or party for whom such document or thing was intended, if any;

   c.      The date of such document, if any, or an estimate thereof so indicated if no date appears on the document;

   d.      The general subject matter as described in such document, or, if no such description appears, then such other description sufficient to identify said document; and

      e.      The claimed grounds for withholding the document, including, but not limited to the nature of any claimed privilege and grounds in support thereof.

6.      For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated, and that portion of the document not claimed to be privileged shall be produced.

7.      If production of documents or other items required by this Subpoena would be, in whole or in part, unduly burdensome, or if the response to an individual request for production may be aided by clarification of the request, contact the issuer of this Subpoena, to discuss possible amendments or modifications of the Request within five (5) days of receipt of same.

8.      Documents maintained in electronic form <u>must be produced in their native electronic form with all metadata intact</u>. Data must be produced in the data format in which it is typically used and maintained. For electronic mail systems using Microsoft Outlook or LotusNotes, provide all responsive emails and, if applicable, email attachments and any related documents, in their native file format (i.e., .pst for outlook personal folder, .nsf for LotusNotes). For all other email systems provide all responsive emails and if applicable, email attachments and any related documents in TIFF format.

      a.      To the extent any electronically stored information, if produced in its native format, would be difficult or impossible to review because it would require proprietary or legacy software, said electronically stored information should be provided in Image (near-paper) format (i.e., .TIFF, or .PDF files) with a corresponding load file utilizing valid field delimiters and text qualifiers containing metadata and optical character recognition (OCR) extracted text for said electronically stored information named with the document identification (DocID) of its corresponding file.

      b.      To the extent any electronically stored information is a password protected native file, the password for the native file should be provided as metadata in a text file named with the document identification (DocID) of the corresponding password protected native file.

9.      To the extent that no single document exists or is in your possession, custody or control that contains all the information sought in any particular request, you are to provide such other documents in your possession, custody or control that are sufficient to show, compute, compile, or explain all the information sought in the request or as much information as is available.

10.      These requests shall be deemed continuing so as to require you to reasonably supplement your responsive production if you gain knowledge that your response was incomplete.

## SCHEDULE

## DOCUMENT REQUESTS

1.    For the Relevant Period, and for each Account, all of the following Documents relating to such Account:
    a.    account statements;
    b.    wire transfer, EFT, or ACH payment requests for payments in an amount greater than $500.00;
    c.    wire transfer, EFT, or ACH payment confirmations, details, or receipts for payments in an amount greater than $500.00;
    d.    cancelled checks (front and back) in an amount greater than $500.00;
    e.    deposit slips or receipts for any amount greater than $500.00;
    f.    records reflecting the receipt or delivery of securities;
    g.    applications for credit, including documentation attached to or provided in connection therewith;
    h.    credit reports;
    i.    signature cards; and
    j.    account opening Documents, including, without limitation, Know Your Customer Documents.

2.    For the Relevant Period, and for each Account, all communications, e-mails, and recorded conversations between the Bank and any other person or entity relating to such Account.

3.    Logs or spreadsheets listing all wire transfers initiated, originated, credited to, or ultimately received by any of the Related Entities and Individuals during the Relevant Period, in which transfers the Bank acted solely as an intermediary bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer.

4.    To the extent not included in Document Request No. 3, logs or spreadsheets of all payment messages—whether generated by CHIPS, SWIFT, Fedwire, or any other interbank payment service—relating to any wire transfer initiated, originated, credited to, or ultimately received by any of the Related Entities and Individuals, in which transfer the Bank acted solely as an intermediary bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer.

5.    Documents sufficient to identify any person (excluding persons within the Bank or its legal counsel) with whom You discussed or disclosed the existence of the Subpoena or the requests therein.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Southern District of Florida

| | |
|---|---|
| IN RE APPLICATION OF<br>MARIA FERNANDA RIGAIL PONS,<br>Pursuant to 28 U.S.C. § 1782<br>For Judicial Assistance in Obtaining<br>Evidence For Use in Foreign and<br>International Proceedings. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. _____ |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     **UBS Group A.G.**

701 Brickell Avenue, Suite 3250
Miami FL 33131

✓     *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: *See attached* **SCHEDULE**.

| Place:  **Sequor Law, P.A.**<br>1001 Brickell Bay Drive, 9ᵗʰ Floor<br>Miami, Florida 33131 | Date and Time:<br>[TBD] |
|---|---|

      The deposition will be recorded by this method: ___Court Reporter___

✓ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: *See attached* **SCHEDULE**.

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _August 2, 2019_

              *CLERK OF COURT*

                                        OR

_____            */s/ Cristina Vicens Beard*
   *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Applicant, who issues or requests this subpoena, are: **Cristina Vicens Beard, Esq.,** cvicens@sequorlaw.com, **1001 Brickell Bay Drive, 9th Floor, Miami, FL 33131;** (305) 372-8282.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 1 )

Civil Action No.

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                            *Server's signature*

                                                       _____
                                                                            *Printed name and title*

                                                       _____
                                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3 )

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE

## DEFINITIONS

1.      "You", "Your", or "Bank" refers to the recipient of this Subpoena.

2.      "Avellan" means **Carlos Alberto Avellán Areta** or anyone acting for him or on his behalf.

3.      "Related Entities" shall refer to the entities listed below:

    a)  Acería del Ecuador C.A.
    b)  Inversiones Alabamas Corporation Ltd.
    c)  Singletary Holdings, LLC
    d)  Kona Marketing Limited
    e)  Eldine Trading Limited
    f)  Honaker Corporation

4.      "Related Individuals" shall refer to the individuals listed below:

    a)  Carla Avellán Pinto
    b)  Camila María Avellán Pinto
    c)  Juan José Avellán Arteta
    d)  Felipe Avellán Arteta

5.      "Document" shall have the same meaning and scope as "documents or electronically stored information" within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A).

6.      "Communication" means any exchange of words, notes, symbols, ideas, or thoughts between two or more people by any medium or method, including: hand-written; typed; e-mail; text message or via other telephone messaging service such as WhatsApp or Telegram; recorded audio; voice recording; or any other medium or method capable of recording and electronically storing a Communication.

7.      "Accounts" shall be construed in the broadest sense and shall include all bank and/or depository accounts at the Bank, including, but not limited to any credit, checking, savings, investment, certificate of deposit, money market, interest bearing, brokerage, bond, stock or equity trading, credit card, line of credit, revolving, or loan account, in the name of the Avellan or any of the Related Entities, or in which Avellan and/or any of the Related Entities is an authorized signatory.

8.      "Entities" means any corporate entity, limited liability entity, business association, partnership, association, limited liability company, or other business organization or business venture.

9.      "Property" refers to any tangible object, including but not limited to: real estate, vehicles, equipment and machinery, artwork, coins, jewelry, collectibles, sculptures, books and

manuscripts, ethnographic arts, furniture and decorative arts, watches, musical instruments, drawings, photographs and prints.

10.     "Transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or with an interest in an asset, including a gift, grant, alienation, bargain, sale, conveyance, lease, release, creation of lien or encumbrance, assignment, retention of title as a security interest, consignment, and bailments of any kind.

11.     "All" means one original, or one copy, of each "Document" as defined above. If you have the original, produce the original. If you have a copy but not the original, produce a single copy. If any copy differs from the original or another copy in any respect, including, without limitation, drafts or versions or copies containing notes, comments or insertions, produce each. Any foreign language copies, drafts or originals shall be produced in addition to their English counterparts.

12.     The terms "and" and "or" shall each be interpreted in every instance, both conjunctively and disjunctively, as meaning "and/or" so as to bring within the scope of these document requests any information that might otherwise be construed to be outside their scope.

13.     "Relating to" means referring to, pertaining to, being part of, regarding, evidencing, being evidence of, showing, generated or transmitted in the course of, constituting, memorializing, or concerning in any way, all or any part of the specified things, events, transactions, relationships, facts or contentions;

14.     "Relevant Period" shall refer to the period of time beginning with and including December 1, 1999, through and including the date of complete production of the documents responsive to this Subpoena, including any period of time that production of responsive documents is delayed by the filing of any objection, motion to quash, or motion for protective order in connection with this Subpoena.

15.     "Person" means natural person(s), corporation(s), association(s), partnership(s), sole proprietorship(s) or public entity(ies).

16.     Any other term not defined herein shall have the same definition and meaning ascribed to it in the Declaration of Maria Fernanda Rigail Pons attached to the Application for Judicial Assistance Under 28 U.S.C. § 1782.

17.     These requests shall be deemed continuing to require You to reasonably supplement Your responsive production if You gain knowledge that Your response was incomplete.

## GENERAL PROVISIONS

1.     You are requested to produce all documents that are in your possession, custody, or control, including, but not limited to, documents in the possession, custody or control of your

affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on your behalf. You have the affirmative duty to contact any third party, including the foregoing, from whom you have **"the legal right to obtain the documents requested upon demand."** <u>Sergeeva v. Tripleton Int'l Ltd.</u>, 834 F.3d 1194, 1201 (11th Cir. 2016) (affirming order that U.S. company produce documents in the physical possession or custody of a foreign affiliate); <u>SeaRock v. Stripling</u>, 736 F.2d 650, 653–54 (11th Cir. 1984).

2. To the extent applicable to any Documents produced in response to this Subpoena, please provide an affidavit or certification sufficient to identify such Documents as business records of a regularly conducted activity, as described in Florida Statutes section 90.803(6).

3. The documents produced pursuant to this Subpoena for production of documents are to be segregated and identified by the number of the request to which the documents are responsive.

4. In the event you claim that any document requested is unavailable, lost, misplaced, or destroyed, state the following:

    a. the date you believe such document became unavailable, lost, misplaced, or destroyed; and

    b. the reason why such document became misplaced, lost, or destroyed.

5. In the event that you seek to withhold any document on the basis that it is covered by privilege, please provide the following information:

    a. The name of each author, writer, sender, or initiator of such document or thing, if any;

    b. The name of each recipient, addressee or party for whom such document or thing was intended, if any;

    c. The date of such document, if any, or an estimate thereof so indicated if no date appears on the document;

    d. The general subject matter as described in such document, or, if no such description appears, then such other description sufficient to identify said document; and

    e. The claimed grounds for withholding the document, including, but not limited to the nature of any claimed privilege and grounds in support thereof.

6.      For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated, and that portion of the document not claimed to be privileged shall be produced.

7.      If production of documents or other items required by this Subpoena would be, in whole or in part, unduly burdensome, or if the response to an individual request for production may be aided by clarification of the request, contact  the issuer of this Subpoena, to discuss possible amendments or modifications of the Request within five (5) days of receipt of same.

8.      Documents maintained in electronic form <u>must be produced in their native electronic form with all metadata intact</u>. Data must be produced in the data format in which it is typically used and maintained. For electronic mail systems using Microsoft Outlook or LotusNotes, provide all responsive emails and, if applicable, email attachments and any related documents, in their native file format (i.e., .pst for outlook personal folder, .nsf for LotusNotes). For all other email systems provide all responsive emails and if applicable, email attachments and any related documents in TIFF format.

        a.      To the extent any electronically stored information, if produced in its native format, would be difficult or impossible to review because it would require proprietary or legacy software, said electronically stored information should be provided in Image (near-paper) format (i.e., .TIFF, or .PDF files) with a corresponding load file utilizing valid field delimiters and text qualifiers containing metadata and optical character recognition (OCR) extracted text for said electronically stored information named with the document identification (DocID) of its corresponding file.

        b.      To the extent any electronically stored information is a password protected native file, the password for the native file should be provided as metadata in a text file named with the document identification (DocID) of the corresponding password protected native file.

9.      To the extent that no single document exists or is in your possession, custody or control that contains all the information sought in any particular request, you are to provide such other documents in your possession, custody or control that are sufficient to show, compute, compile, or explain all the information sought in the request or as much information as is available.

10.     These requests shall be deemed continuing so as to require you to reasonably supplement your responsive production if you gain knowledge that your response was incomplete.

## <u>SCHEDULE</u>

## <u>DOCUMENT REQUESTS</u>

1.  For the Relevant Period, and for each Account, all of the following Documents relating to such Account:
    a.  account statements;
    b.  wire transfer, EFT, or ACH payment requests for payments in an amount greater than $500.00;
    c.  wire transfer, EFT, or ACH payment confirmations, details, or receipts for payments in an amount greater than $500.00;
    d.  cancelled checks (front and back) in an amount greater than $500.00;
    e.  deposit slips or receipts for any amount greater than $500.00;
    f.  records reflecting the receipt or delivery of securities;
    g.  applications for credit, including documentation attached to or provided in connection therewith;
    h.  credit reports;
    i.  signature cards; and
    j.  account opening Documents, including, without limitation, Know Your Customer Documents.

2.  For the Relevant Period, and for each Account, all communications, e-mails, and recorded conversations between the Bank and any other person or entity relating to such Account.

3.  Logs or spreadsheets listing all wire transfers initiated, originated, credited to, or ultimately received by any of the Related Entities and Individuals during the Relevant Period, in which transfers the Bank acted <u>solely</u> as an intermediary bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer.

4.  To the extent not included in Document Request No. 3, logs or spreadsheets of all payment messages—whether generated by CHIPS, SWIFT, Fedwire, or any other interbank payment service—relating to any wire transfer initiated, originated, credited to, or ultimately received by any of the Related Entities and Individuals, in which transfer the Bank acted <u>solely</u> as an intermediary bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer.

5.  Documents sufficient to identify any person (excluding persons within the Bank or its legal counsel) with whom You discussed or disclosed the existence of the Subpoena or the requests therein.