# **EXHIBIT C**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-MC-23236

In Re Application Of

MARIA FERNANDA RIGAIL PONS,

            Applicant

pursuant to 28 U.S.C. § 1782
For Judicial Assistance in Obtaining
Evidence For Use in a Foreign and
International Proceeding.

## ORDER GRANTING EX PARTE APPLICATION FOR
## JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C §1782

THIS CAUSE came before the Court upon the Application for Assistance Pursuant to 28 U.S.C. § 1782 filed by Maria Fernanda Rigail Pons ("Applicant"). The Court, having considered the § 1782 Application and supporting materials and otherwise being fully advised in the premises, finds as follows:

    A.    Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance.

    B.    For purposes of the instant Application, the Court finds that Applicant seeks evidence from (i) UBS Financial Services Inc.; (ii) Credit Lyonnais; (iii) Credit Agricole Miami Private Bank (CA Indosuez Wealth); (iv) Amke Registered Agents, LLC; and (v) Mr. Phillippe Larmier, all of which reside and/or are found in the Southern District of Florida (the "Discovery Targets").

C. The documentary and testimonial discovery sought through this Application is for use in a proceeding pending before the Ecuador Family Court, which seeks the distribution of the marital assets of Applicant and her ex-husband (the "Foreign Proceeding").

D. Further, as a claimant in the Foreign Proceeding, Applicant is an interested person within the meaning of 28 U.S.C. § 1782.

E. The discretionary factors, as described by the United States Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.

F. More particularly: (1) the Discovery Targets are not parties to the Foreign Proceeding in Ecuador nor are they contemplated to become parties thereto; thus, the need for this discovery is more apparent; (2) there is no indication that the Ecuador Family Court would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent Ecuadorian proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the Discovery Targets that is the type normally produced by financial institutions during litigation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Application is **GRANTED**.

2. Any discovery taken pursuant to this Order, including related motion practice, shall be governed by the Federal Rules of Civil Procedure.

3. Applicant is authorized to issue and serve a subpoena on the Discovery Targets in substantially similar form to the subpoenas attached to the Application. Applicant may seek leave of Court to serve additional follow-up subpoenas on any person, corporate entity, or

financial institution found or residing in this District as may be necessary to obtain the testimonial or documentary evidence described in the Application.

4. The Discovery Targets are ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until further order of this Court.

5. Nothing in this Order shall be construed to prevent the Applicant from seeking modification of this Order.

IT IS SO ORDERED, this _____ day of _____, 2019.

_____
UNITED STATES DISTRICT COURT JUDGE