UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-23236-MC-LENARD/O'SULLIVAN

In re APPLICATION OF:

MARIA FERNANDA RIGAIL PONS,

                Applicant

Pursuant to 28 U.S.C. § 1782
for Judicial Assistance in Obtaining
Evidence for Use in Foreign and
International Proceeding.
_____/

## ORDER

THIS MATTER is before the Court on AMKE Registered Agents, LLC's Motion to Vacate the Order [D.E. 5] Quash the Subpoena for Production of Documents and Deposition or in the Alternative Motion for Stay (DE# 9, 9/20/19). Pursuant to 28 U.S.C. § 636(b), the Honorable Joan A. Lenard referred the motion to the undersigned. (DE# 7, 9/18/19). The Applicant filed the Applicant's Response to AMKE Registered Agents, LLC's Motion to Vacate the Order [D.E. 5] Quash the Subpoena for Production of Documents and Deposition or in the Alternative Motion for Stay (DE# 11, 10/4/19). AMKE Registered Agents, LLC's (hereinafter "AMKE") filed AMKE Registered Agents, LLC's Reply in Support of its Motion to Vacate the Order [D.E. 5] Quash the Subpoena for Production of Documents and Deposition or in the Alternative Motion for Stay [D.E. 9] (DE# 16, 10/23/19). The motion is ripe for disposition.

Having carefully reviewed the motion, response, reply, evidence, relevant

authorities, supplemental filings,[1] having heard arguments from the parties, and for the reasons discussed below, AMKE Registered Agents, LLC's Motion to Vacate the Order [D.E. 5] Quash the Subpoena for Production of Documents and Deposition or in the Alternative Motion for Stay (DE# 9, 9/20/19) is DENIED.

## BACKGROUND

The Applicant, Maria Fernanda Rigail Pons (the "Applicant"), seeks assistance to obtain evidence regarding foreign marital assets that she claims her ex-husband, Carlos Alberto Avellan Areta ("Mr. Avellan"), concealed and did not disclose in the Foreign Proceeding.[2] The Applicant believes that at least some of the marital assets are being held by a Delaware company, Singletary Holdings, LLC. The Applicant claims that AMKE appears to be the sole director of Singletary Holdings, LLC and may have additional information about assets owned or controlled by Mr. Avellan that should have been, but were not, disclosed to the Ecuador Family Court in the Foreign Proceeding. The Applicant seeks asset disclosure in subsequent marital property distribution proceedings in Ecuador, which is locally known as inventory proceedings.

AMKE seeks to vacate the Order of production under Section 1782 on several

---

[1] Additionally, the Court has considered the following supplemental filings: AMKE's Notice of Supplement Authority and Ecuadorian Proceedings (DE# 21, 11/20/19); the Applicant's Motion to Supplement the Record (DE# 23, 12/19/2019) with Composite Exhibit A that contains a six-page, single sample of documents received from UBS Financial Services and UBS AG from approximately 4,000 documents produced in response to the Applicant's subpoena; and AMKE's Notice of Filing Additional Authority (DE# 29, 1/3/2020) (Spanish court order) of an appellate order in the pending appellate proceeding in Ecuador regarding Mr. Avellan's daughters' request to exclude Inversiones Alabamas from the marital assets; and AMKE's Notice of Filing Translation of Additional Authority (DE# 33, 1/10/2020) (English translation of appellate court order).

[2] The Foreign Proceeding refers to Case No. 17203-2016-06477, which stems from the Applicant's dissolution of marriage to Mr. Avellan that is pending before the Court of Families, Women, Children and Adolescents of the Mariscal Sucre Parish of the Metropolitan District of Quito, Provence of Pichincha, Republic of Ecuador (the "Ecuador Family Court").

grounds.  AMKE argues that the Applicant failed to discharge her duty of candor to the Court when she filed her application because: she failed to advise the Court that the ten-day time period to present evidence had closed in the Foreign Proceeding; she failed to disclose her three failed attempts to re-open the time period to gather evidence in the Foreign Proceeding; and she affirmatively swore to this Court that her counsel told her that "such evidence will likely be admissible before the Ecuador Family Court, and that [her] Application does not circumvent any proof-gathering restriction under Ecuadorian law."  Motion at 2 (quoting Application (DE# 1, ¶¶ 5).  Additionally, AMKE argues that the evidence the Applicant seeks is not capable of being injected into the Foreign Proceeding and that the foreign court is unreceptive to receive additional evidence.  AMKE also challenges the discovery on the ground that it is over broad as to scope and duration (1999 through the present).  Alternatively, AMKE asks this Court to stay the discovery until the conclusion of the pending appeal in the Foreign Proceeding.

## ANALYSIS

**I.     28 U.S.C. § 1782 - Discovery for Use in Foreign Tribunals**

Congress enacted Section 1782 "to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004).  Sub-section 1782(a) of Title 28 provides in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced before a person appointed by the court. ... To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or

3

> other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a). The district court's decision to grant or deny an application pursuant to 28 U.S.C. § 1782(a) is discretionary. Before a district court may exercise its authority pursuant to Sub-section 1782(a), the applicant must satisfy four prima facie requirements:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

In re Clerici, 481 F.3d 1324, 1331-32 (11th Cir. 2007)(quoting 28 U.S.C. § 1782)(footnote omitted)); see Consorcio Ecuatoriano de Telecommunicaciones S.A. v. JAS Forwarding (USA), Inc., 747 F.3d 1262, 1269 (11th Cir. 2014).

Even when all four statutory requirements are satisfied, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." Intel, 542 U.S. at 264. If the statutory requirements are met, the Court will analyze the following four Intel factors: 1) whether the target of discovery is a participant in the foreign proceeding, because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; 2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; 3) "whether the § 1782(a) request conceals an attempt to

circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and 4) whether the request is otherwise "unduly intrusive or burdensome." In re Clerici, 481 F.3d at 1334 (quoting Intel, 542 U.S. at 264-265). Additionally, "unduly intrusive or burdensome requests may be rejected or trimmed." Intel, 542 U.S. at 265.

## II. Burden of Proof

Where, as here, the Court has ordered discovery under Section 1782, "the burden shifts to the opposing litigant to demonstrate, by more than angry rhetoric, that allowing the discovery sought (or a truncated version of it) would disserve the statutory objectives." In re Gyptec S.A., 2017 U.S. Dist. LEXIS 174226, *3 (S.D. Fla. Oct. 19, 2017)(quotations omitted).

## III. Whether the Section 1782 Application Should Be Vacated

### A. Prima Facie Statutory Requirements

AMKE challenges one of the four Section 1782 statutory requirements, namely: the "for use in a foreign proceeding" requirement. AMKE concedes that the applicant satisfies three of the four statutory requirements under Section 1782, namely that the applicant is an "interested person[ ]" who seeks "discovery" and AMKE is "found" within the district. 28 U.S.C. § 1782. Because the undersigned finds that three of the four prima facie statutory requirements are met, the undersigned will address the disputed "for use" requirement.

#### 1. "For Use in a Foreign Proceeding"

AMKE argues that the Applicant has not satisfied the "for use in a foreign proceeding" requirement of Section 1782 because the Applicant has failed to show that

the evidence sought can be used in the Foreign Proceeding where the time period for gathering and submitting evidence in that Foreign Proceeding expired and will not be opened. Motion at 9 (DE# 9; 9/20/19) (referencing an Ecuadorian court's December order; Declaration of Diego Roberto Jaramillo Teran[3]). AMKE relies upon two non-binding as well as factually distinguishable cases, namely In re Sargeant, 278 F. Supp. 3d 814 (S.D.N.Y. 2017) and Leutheusser-Schnarrenberger v. Kogan, 2018 WL 5095133, at *3 (N.D. Cal. Oct. 17, 2018).

In In re Sargeant, the applicant was neither a party nor an owner, agent or principal with a stake in the foreign proceeding, that is the applicant was not an "interested person", and he "fail[ed] to show that he [had] any procedural right or mechanism to inject the requested evidence in the London proceeding, given that he [was] not a party to that proceeding." Sargeant, 278 F. Supp. 3d 822-23. Sargeant did not meet the prima facie statutory requirements. In Kogan, the court denied the Section 1782 application because the applicants failed to satisfy the "for use" requirement because they failed to "demonstrate that any civil or criminal proceedings [were] actually being contemplated by themselves or any of [their] respective entities." Kogan, 2018 WL 5095133, at *3.

Additionally, AMKE relies on its Notice of Filing Additional Authority (DE# 29, 1/3/2020), and its English translation (DE# 33, 1/10/2020) of an order in the pending appeal brought by Mr. Avellan's daughters in which they challenge the inclusion of Inversiones Alabama as a marital asset. AMKE claims that the Ecuadorian appellate

---

[3]Mr. Jaramillo is Mr. Avellan's former attorney in the divorce proceeding and current attorney in the inventory and appraisal proceeding.

6

court "confirms that the time for adducing additional evidence in the Ecuadorian proceeding is in fact closed." AMKE Notice of Filing (DE# 29, 1/3/2020). The Applicant argues that the Ecuadorian appellate court order simply restates the procedural background of the Foreign Proceeding and does not support AMKE's argument that a new inventory cannot be opened for new marital assets. The undersigned agrees with the Applicant.

In the present case, the Applicant argues that she satisfies the "for use" requirement because the Applicant may present new evidence to the Ecuador Family Court of any of Mr. Avellan's assets that should have been disclosed and inventoried as marital assets and distributed between the ex-spouses despite the Applicant's three prior failed attempts to reopen the evidence-gathering period in Ecuador for a different purpose. Response at 3 (DE# 11, 10/4/19) (citing Ex. B, Moran Declaration,¶¶ 8, 14-16) (relying on Article 408 of the Civil Code).

Unlike Sargeant and Kogan, the Applicant is a party to a pending Foreign Proceeding who seeks evidence regarding assets that are not part of the current inventory in the Foreign Proceeding that are located in this District, but that she claims should have been disclosed by her ex-husband in the Foreign Proceeding and should be considered in the inventory proceedings before the Ecuador Family Court.

Additionally, both parties' experts acknowledge that Article 408 of the Ecuadorian Civil Code permits either spouse to present new evidence of additional assets or property that is not part of the first inventory. Article 408 of the Ecuadorian Civil Code provides:

> If after the inventory is conducted there are assets found that were not known while the inventory was ongoing, or, by any means, the inventories

> estate gains new assets, a formal inventory [of the new assets] must be carried out and added to the previous one.

Ecuadorian Civil Code, Art. 408. See Molina Decl. ¶¶ 29-30, n.5; Moran Decl. ¶¶ 13-16; see also Santos Decl. ¶ 25. AMKE's expert, Mr. Santos, opines that "Article 408 would not help Ms. Rigail since ... she admitted to having knowledge of documents related to purported assets of her former husband in 2014, *before* starting the Foreign Proceeding." Santos Decl. ¶ 26 (emphasis in original).

Although both parties agree that Article 408 requires the Ecuador Family Court to prepare a new inventory when evidence of new assets is presented, the parties dispute whether the discovery sought in the subject Section 1782 proceeding will be admissible. Both parties have submitted declarations from purported experts on Ecuadorian law with citations to the Ecuadorian Civil Code. The parties and their respective experts disagree on the admissibility of the evidence sought under Section 1782.

The Applicant contends that the Ecuador Family Court rather than this Court should decide the issue of admissibility and will be in a better position to do so if this Court allows the Applicant to conduct Section 1782 discovery first. See Response at 8 (DE# 11, 10/4/19) (citing In re Bernal, No. 18-21951, 2018 WL 6620085, *5 (S.D. Fla. Dec. 18, 2018) (citing In re Application Grupo Qumma, 2005 WL 937486, at *3 (S.D.N.Y. April 22, 2005) ("The Mexican court, rather than this Court, should decide whether the additional evidence is admissible, and it will be in a better position to do so if Qumma is permitted to conduct the requested discovery first."); In re Pimenta, 942 F. Supp. 2d 1282, 1298 (S.D. Fla. 2013) (citing In re Request for Judicial Assistance from Seoul Dist. Criminal Ct., Seoul, Korean, 555 F.2d 720, 723-24 (9th Cir. 1977) ("Our federal courts, in responding to requests, should not feel obliged to involve themselves

in technical questions of foreign law relating to ... the admissibility before such tribunals of the testimony or materials sought."); North American Potash, 2012 WL 12877816, at * 8 (S.D. Fla. November 19, 2012)(citing In re Application of Gushlak, No. 11-MC-218 (NGG), 2011 WL 3651268 (E.D.N.Y. 2011)("[C]ourts should err on the side of ordering discovery, since foreign courts can easily disregard material they do not wish to consider.") (citation omitted)).  The undersigned agrees.

The undersigned finds that the Applicant satisfied the "for use in a foreign proceeding" requirement because the Applicant has the ability "to inject the requested information into a foreign proceeding" and the "requested discovery is 'something that will be employed with some advantage or serve some use in the proceeding.'" See In re Accent Delight Int'l Ltd, 869 F.3d 121, 132 (2d Cir. 2017) (quoting Mees v. Buiter, 793 F.3d 291, 298 (2d Cir. 2015) (citation omitted)).  The inventory proceedings are pending in Ecuador.  The discovery sought in this Section 1782 proceeding is intended to locate evidence of new assets that the Applicant believes should have been included, but were not disclosed, in the inventory proceedings regarding marital assets.[4] Because the Section 1782 statutory requirements are met, the undersigned with next consider  the discretionary Intel factors that AMKE argues weigh against the Applicant.

---

[4] The Applicant filed a Motion to Supplement the Record (DE# 23, 12/19/2019) with Composite Exhibit A (DE# 23-1, 12/19/2019), which is granted by a separate order. The supplement, Composite Exhibit A, consists of a six-page, single sample of the UBS AG and UBS Financial Services, Inc.'s production ("UBS Production") of more than 4,000 documents that the Applicant received between December 9 and 16, 2019 in response to the Applicant's subpoena. The supplement exemplifies and supports the Applicant's position that Mr. Avellan secreted marital assets from the Applicant and that the Applicant did not have knowledge of most of the UBS accounts during the discovery period in the Foreign Proceeding.  The Applicant maintains that the supplement of the six-page sample of the UBS Production reveals that Mr. Avellan disclosed to UBS, at the time of the Foreign Proceeding in 2016, that his total wealth composition amounted to $50 million in contravention to what he disclosed in the Foreign Proceeding. Motion to Supplement at 3 (DE# 23, 12/19/2019).

## B. *Intel* Factors

Generally, if the statutory requirements are met, courts will analyze the following four Intel factors: 1) whether the target of discovery is a participant in the foreign proceeding, because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; 2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; 3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and 4) whether the request is otherwise "unduly intrusive or burdensome." In re Clerici, 481 F.3d at 1334 (quoting Intel, 542 U.S. at 264-265). Here, AMKE challenges two[5] of the four Intel factors. AMKE concedes that it is not a participant in the foreign proceeding and is located in this District. The undersigned will address the Intel factors that are in dispute.

### 1. Second *Intel* Factor: Foreign Tribunal's Receptivity

The second Intel factor requires the analysis of "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." Intel, 542 U.S. at 264-65; In re Clerici, 481 F.3d 1324, 1334 (11th Cir. 2007). In In re MTS Bank, No. 17-MC-21545, 2017 U.S. Dist. LEXIS 120232, at *24-25 (S.D. Fla. Aug. 1, 2017), the district court explained

---

[5] AMKE argues that the Subpoena is over broad but does not argue that the Subpoena is unduly intrusive or burdensome.

10

> The second *Intel* factor examines whether the foreign tribunal is willing to consider the information sought. Another "nation's limit on discovery within its domain for reasons peculiar to its own legal practices, culture or traditions ... do[es] not necessarily signal objection to aid from United States federal courts." Instead, courts look for authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of § 1782 ... Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation and international aspects.

Id. (internal quotations and citations omitted) (emphasis in original) (allowing § 1782 discovery due to "lack of authoritative evidence that Russian courts are not receptive to American judicial assistance"). In Dept. of Caldes v. Diageo PLC, 925 F.3d 1218 (11th Cir. 2019), the Eleventh Circuit rejected a "rigid burden-shifting framework to properly weigh the discretionary factor of receptivity in a § 1782 case" because it is neither necessary nor helpful "to put the burden on one side or the other with respect to receptivity." Id. at 1223. Instead, the Eleventh Circuit agreed with the district court's inclination "to look to both sides to offer support regarding their respective positions on the receptivity issue." Id. (citations omitted).

AMKE argues that the second Intel factor weighs against the Applicant and favors AMKE because the discovery period is closed in the foreign proceeding and the Applicant's three prior attempts to re-open it were denied.

The Applicant argues that AMKE has failed to show authoritative proof that the Ecuador Family Court will reject the Section 1782 discovery that the Applicant seeks. The Applicant maintains that the Applicant's unsuccessful "requests to re-open the evidence gathering period in Ecuador were not for the purpose of introducing additional evidence of Mr. Avellan's undisclosed foreign assets, but to ensure the reliability of the orders rendered by the Ecuador Family Court [regarding] distinct evidence already in

11

the inventory." Response at 8 (DE# 11, 10/4/19) (citing Molina Decl. ¶ 25). The Applicant argues further that Article 408 of the Civil Code undercuts AMKE's receptivity argument because Article 408 "requires the Ecuador Family Court to prepare a new inventory when evidence of additional assets is presented." Id. (citing Molina Decl. ¶¶ 29-30). The Applicant maintains that Article 408 of the Civil Code would allow the Applicant to present evidence of marital assets that were not part of the first inventory. Response at 9 (DE# 11, 10/4/19) (citing Molina Decl. at ¶¶ 29-31; Moran Decl. at ¶¶ 15-16). As discussed above, AMKE acknowledges that Article 408 permits an inventory proceeding to be opened for new assets that are not part of the original inventory.

The Applicant argues that the second Intel discretionary factor weighs in her favor because AMKE has not offered sufficient proof that the Ecuador Family Court would not be receptive to new evidence of undisclosed marital assets. The undersigned agrees that the receptivity factor weighs in favor of the Applicant and against AMKE because AMKE has not offered authoritative proof that evidence of new marital assets would be rejected by the Ecuador Family Court.

    2.  Third *Intel* Factor: Conceals an Attempt to Circumvent Foreign or United States Discovery Restrictions or Policies

Pursuant to the third *Intel* factor, a district court should consider "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." Intel, 542 U.S. at 265 (citation omitted). AMKE appears to argue that the Applicant is attempting to circumvent the Ecuadorian court's evidence gathering restrictions "'by attempting to obtain discovery that she was already denied by the foreign tribunal.'" Motion at 9-10 (DE# 9, 9/20/19) (quoting In re Kurbatova, 2019 WL 2180704, at *4 (S.D. Fla. May 20,

2019).

The Applicant argues that AMKE's argument is not supported by the facts. The Applicant maintains that her Application does not attempt to circumvent Ecuadorian law or procedure because: 1) she did not seek to re-open the proof-gathering period in order to request or introduce evidence regarding Mr. Avellan's undisclosed foreign assets; 2) the discovery sought in this Section 1782 proceeding is not the same as the evidence sought by the Applicant in the foreign proceeding; 3) there is no privilege, prohibition or law preventing the Applicant from discovering the information in Ecuador; and 4) the Ecuador Family Court's orders denying the Applicant's requests to re-open the discovery period do not prohibit the Applicant from conducting the discovery she seeks in the subject 1782 proceeding, but simply foreclose the possibility to conduct discovery in the Foreign Proceeding regarding assets that exist in the current inventory. Response at 10-11 (DE# 11, 10/4/19) (citing Molina Decl. ¶¶ 25-26, 31-32, and 59). The Applicant argues further that the evidence sought in the subject 1782 proceeding involves Mr. Avellan's undisclosed foreign assets, which are not part of the current inventory. The Applicant contends that it is likely that she will be able to use such evidence in the Foreign Proceeding under Article 408 of the Civil Code. Id. at 11 (citing Molina Decl. ¶ 32).

The third *Intel* factor favors the Applicant because there is no evidence that the Applicant is attempting to obtain evidence from AMKE in contravention of restrictions in place in the Foreign Proceeding. The evidence sought in the subject 1782 proceeding involves potential marital assets that were not disclosed and are not part of the current pending inventory proceedings.

### 3. Fourth *Intel* Factor: Unduly Intrusive or Burdensome

The fourth and final *Intel* factor incorporates by reference the Federal Rules of Civil Procedure and considers whether the 1782 Application contains "unduly intrusive or burdensome requests." Intel, 542 U.S. at 265. "[U]nduly intrusive or burdensome requests may be rejected or trimmed." Id. AMKE argues that the discovery sought is over broad. AMKE does not argue that the discovery sought is unduly intrusive or burdensome and has made no showing that the production of any responsive documents would be unduly intrusive or burdensome.

The Applicant maintains that the Subpoena is not overly broad as it seeks relevant evidence from a third party who is possession of such evidence and the scope of the Subpoena tracks the exact period of time from the date on which the parties were married until the marital estate was dissolved. The inclusion of five entities and four immediate family members in the Subpoena does not render the Subpoena over broad. The Applicant maintains that "there is ample evidence that Mr. Avellan owns or controls foreign assets, either directly or indirectly, through other companies and with the help of other family members, particularly in light of the fact that he has failed to disclose those foreign assets as required in the Ecuadorean Foreign Proceedings." Applicant's Decl. ¶¶ 9-10, 23-55 (DE# 1-1). The Applicant argues further that "[a]lthough [Mr.] Avellan's daughters are contesting the inclusion of Inversiones Alabamas and one [of] its real properties in the initial inventory, any additional assets of Inversiones Alabamas discovered through this 1782 Application would be for use in preparing a new inventory and, therefore, would be for use in the Foreign Proceeding." Response at 12 (DE# 11, 10/4/19).

AMKE has not met its burden to have this Court quash the Subpoena because AMKE failed to identify the terms that were over broad and failed to show how the Subpoena should be narrowed. See, e.g., In re Application of Mesa Power Group, LLC, 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012). To the extent the Subpoena seeks evidence from AMKE that is confidential or protected by a privilege, AMKE should prepare a privilege log.

The fourth *Intel* factor weighs in favor of the Applicant. The Subpoena is not over broad because the twenty-year time frame covers the duration of the marriage and the period during which the divorce was becoming final, and the discovery requests are tailored to obtain evidence of marital assets from specific entities and individuals.

**D.      Stay**

AMKE argues in the alternative that this Court should stay the 1782 proceeding until the conclusion of the pending appeal in the foreign proceeding.

The Applicant contends that a stay is not supported by law because the pending appeal in Ecuador was filed by Mr. Avellan's daughters, who sought to intervene in the Foreign Proceeding to make their claim to one of the marital assets, Inversiones Alabama. The appeal does not relate to the Applicant's rights in the Foreign Proceeding or her right to present new evidence. Response at 4-5.

AMKE's reliance on the district court's decision in In re Application of Alves Braga, 789 F. Supp. 2d 1294, 1307-08 (S.D. Fla. 2011) is misplaced. Braga is factually distinguishable. In Braga, the legality of the applicant's actions, which were contended to violate the law of the Cayman Islands and Brazil, was at issue in both countries. The party seeking a stay in Braga argued that the 1782 application sought duplicative

15

evidence and was an attempt to circumvent the proof gathering requirements of Brazilian law. In <u>In re Braga</u>, the pending appeal of the foreign proceeding was to determine whether the applicant, a liquidation trustee, was authorized to conduct discovery. <u>Id</u>. at 1310.

None of the concerns facing the district court in <u>Braga</u> exist in the present case. There are no allegations that the Applicant here has conducted any illegal or improper discovery in any other forum; the ruling that has been sought in the pending appeal is not dispositive of the willingness of the Ecuadorian court to accept discovery from this 1782 proceeding; and if the Applicant obtained the evidence she seeks in this 1782 proceeding, there is no authoritative evidence that the Ecuadorian Court would not be receptive to it.

Irrespective of the Ecuadorian appellate court's decision on whether Inversiones Alabama is a marital asset, the discovery sought by the Applicant from AMKE and other discovery targets in the United States continues to be relevant for her to establish the existence of additional undisclosed marital assets that should have been disclosed and included in the inventory of marital assets in the Foreign Proceeding. Under the circumstances, a stay is not warranted.

## **CONCLUSION**

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that AMKE Registered Agents, LLC's Motion to Vacate the Order [D.E. 5] Quash the Subpoena for Production of Documents and

Deposition or in the Alternative Motion for Stay (DE# 9, 9/20/19) is DENIED.

DONE AND ORDERED in chambers at Miami, Florida this <u>22nd</u> day of January, 2020.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE