UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-23236-MC-LENARD/O'SULLIVAN

In re: Application of

MARIA FERNANDA RIGAIL PONS,

Pursuant to 28 U.S.C. § 1782
For Judicial Assistance in Obtaining
Evidence for Use in
Foreign Proceedings,

     Applicant.

_____/

## ORDER

THIS CAUSE is before the Court *sua sponte*. While AMKE Registered Agents,

LLC's Motion to Vacate the Order [D.E. 5], Quash the Subpoena for Production of

Documents and Deposition or in the Alternative Motion for Stay (DE# 9, 9/20/2019) was

pending, the undersigned conditionally ruled on AMKE Registered Agents, LLC's

Emergency Motion to Prohibit further Receipt, Review or Dissemination of Documents

or Discovery until This Court Has Decided the Pending Motion to Vacate the Ex Parte

Order [D.E. 5] pursuant to which Subpoenas Were Issued; and to Strike and Oppose

the Applicant's Motion to Supplement the Record [D.E. 23] and Prohibit the Use of

Improperly Obtained Discovery (DE# 24, 12/20/19) (collectively the "Motion"). See

Order (DE# 26, 12/20/2019). Having denied in a separate Order AMKE Registered

Agents, LLC's Motion to Vacate the Order [D.E. 5], Quash the Subpoena for Production

of Documents and Deposition or in the Alternative Motion for Stay (DE# 9, 9/20/2019), it

is

ORDERED AND ADJUDGED that AMKE Registered Agents, LLC's Emergency

Motion to Prohibit further Receipt, Review or Dissemination of Documents or Discovery until This Court Has Decided the Pending Motion to Vacate the Ex Parte Order [D.E. 5] pursuant to which Subpoenas Were Issued; and to Strike and Oppose the Applicant's Motion to Supplement the Record [D.E. 23] and Prohibit the Use of Improperly Obtained Discovery (DE# 24, 12/20/19) (collectively the "Motion") is DENIED AS MOOT.

Even if AMKE's Motion was not moot, the Court would deny AMKE's Motion because AMKE lacks standing to challenge subpoenas directed to third parties (e.g. UBS Financial Services and UBS AG). In the Eleventh Circuit, "the general rule is that a party lacks standing to challenge subpoenas served on another, unless that party alleges a 'personal right or privilege with respect to the materials subpoenaed.'" Armor Screen Corp. v. Storm Catcher Inc., No. 07-CIV-81091, 2008 WL 5049277, *2 (S.D. Fla. November 25, 2008) (quoting Brown v. Braddick 595 F.2d 961, 967 (5th Cir. 1979).[1]

DONE AND ORDERED at the United States Courthouse, Miami, Florida this 22nd day of January, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted at binding precedent all decisions of the former Firth Circuit rendered prior to the close of business on September 30, 1981.