## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-MC-23236

In Re Application Of

MARIA FERNANDA RIGAIL PONS,

                              Applicant

Pursuant to 28 U.S.C. § 1782
For Judicial Assistance in Obtaining
Evidence for Use in Foreign and
International Proceedings.

## OMNIBUS ORDER

THIS CAUSE came before the Court on the Applicant's Motion for Leave to Issue

Additional Subpoenas (DE# 60, 6/15/20), the applicant's Motion to Compel (DE# 63,

6/15/20), the Motion to Intervene (DE# 66, 6/29/20), and AMKE Registered Agents,

LLC's ("AMKE") Expedited Motion for Disclosure of Documents Obtained Via *Ex-Parte*

Discovery and to Preclude Affirmative Use of Same (DE# 95, 8/28/20).[1]  Additionally,

the applicant filed a Notice of Filing AMKE's Supplemental Objections to the August 13,

2019 Subpoena (DE# 97, 8/30/20).  Having reviewed the motions, responses, replies,

notice of filing, evidence in the record, having held a hearing on August 31, 2020, and

for the reasons stated on the record and as more fully discussed below, it is

---

[1] The motion for leave (DE# 60, 6/15/20), the motion to compel (DE# 63,6/15/20), and the motion to intervene (DE# 66, 6/29/20) are fully briefed and ripe.  On August 6, 2020, the undersigned issued an order scheduling a hearing on the three ripe motions for August 31, 2020.  The business day before the scheduled hearing AMKE filed its expedited motion (DE# 95, 8/28/20). Later the same day, the applicant filed her Objection and Preliminary Response in Opposition to Expedited Motion to Require Disclosure of Documents Obtained via Ex Parte Discovery and to Preclude Affirmative Use of Same (DE# 96, 8/28/20).

ORDERED AND ADJUDGED that

1.  The Motion to Intervene is GRANTED in part.

    a.   The Motion to Intervene (DE# 66, 6/29/20) is DENIED as to the
    original subpoenas that were authorized by the Court in August
    2019 because the undersigned finds that the Motion to Intervene
    was not timely filed as to the original subpoenas. If the applicant
    received any financial documents regarding the five intervenors,
    Carla Avellan, Camilla Avellan (collectively "Avellan daughters"),
    Inversiones Alabamas Corporation ("Inversiones Alabamas"),
    Singletary Holdings, LLC ("Singletary"), or Honaker Corporation
    ("Honaker") [2], from the financial institutions that were the targets
    of the original subpoenas, the applicant shall provide copies to
    counsel for the intervenors and the cost of copying shall be paid
    by the intervenors.

    b.  The Motion to Intervene is GRANTED regarding the additional
    subpoenas that are the subject of the Applicant's Motion for
    Leave to Issue Additional Subpoenas (DE# 60, 6/15/20) only as
    to the financial accounts regarding the three companies,
    Inversiones Alabamas Corporation ("Inversiones Alabamas"),
    Singletary Holdings LLC ("Singletary"), and Honaker Corporation
    ("Honaker"), but not as to the two daughters, Carla Avellan and

---

[2] During the August 31, 2020 hearing, counsel for the applicant maintained that the spelling and corporate designation of "Honeker, LLP" was inadvertent and that he meant "Honaker Corporation," which is identified as a "Related Entity" in the subject subpoenas.

Camilla Avellan (collectively "Avellan daughters"), because the additional subpoenas do not include any definition of "related persons" and do not reference Carla Avellan or Camilla Avellan at all, unlike the original subpoenas did.

2. The Applicant's Motion for Leave to Issue Additional Subpoenas[3] (DE# 66, 6/15/20) is GRANTED because the undersigned finds that the applicant satisfied the statutory requirements to permit foreign discovery under 28 U.S.C. § 1782 and all four Intel[4] discretionary factors weigh in favor of the applicant.  Additionally, the undersigned finds that the intervenors did not show that the applicant lacked candor to the Court or filed her motion for leave in bad faith.  It is further ORDERED and ADJUDGED that the applicant shall provide notice of the subpoena duces tecum to the six "Related Entities" identified in the additional subpoenas attached to the applicant's motion, namely the three corporate intervenors, Inversiones Alabamas, Singletary, and Honaker, as well as Aceria del Ecuador C.A., Eldine Trading Limited, and Kona Marketing Limited.

3. The applicant's Motion to Compel (DE# 63, 6/15/20) that seeks an order compelling AMKE Registered Agents, LLC ("AMKE") to comply with the

---

[3]The targets of the requested subpoenas are the following financial institutions: Banco Santander International, Goldman Sachs & Co., LLC, JP Morgan Chase Bank, N.A., and Morgan Stanley & Co., LLC.

[4] Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004).

August 20, 2019 Subpoena *Duces Tecum* is GRANTED. This Court has previously denied AMKE's motion to stay discovery while AMKE's appeal to the Eleventh Circuit is pending. See Paperless Order Denying [DE# 74] Motion for Interim Stay (DE# 85, 7/27/20). AMKE filed a separate motion to stay in its appeal,[5] which remains pending before the Eleventh Circuit. The undersigned finds that AMKE waived its objections to the subpoena other than the "over broad" objection that AMKE asserted in AMKE Registered Agents, LLC's Motion to Vacate the Order [D.E. 5] Quash Subpoena for Production of Documents and Deposition or in the Alternative Motion for Stay (DE# 9, 9/20/19). The undersigned previously rejected AMKE's over broad objection regarding the subpoena's twenty-year time frame because it correlates to the duration of the marriage and the period during which the divorce was becoming final. See Order dated January 22, 2020 (DE# 35, 1/22/20) (denying AMKE's motion to vacate and to quash). The Court affirmed the undersigned's January 22, 2020 Order.  See Order Affirming Order of the Magistrate Judge Denying Respondent AMKE Registered Agents, LLC's Motion to Vacate and Quash (D.E. 35), and Closing Case (DE# 50, 4/13/20).  AMKE did not serve any other objections on the applicant until Sunday, August 30, 2020, the day before the Monday, August 31, 2020 hearing. See Notice of Filing AMKE's Supplemental Objections to

---

[5] See Notice of Filing Motion for Stay from the U.S. Court of Appeals for the Eleventh Circuit and Adoption of Argument (DE# 98, 8/31/20).

the August 13, 2019 Subpoena, Exhibit A (DE# 97, 8/30/20). Additionally, the undersigned finds that AMKE waived its objections based on privilege because AMKE failed to follow the undersigned's direction in its January 22, 2020 Order to prepare a privilege log. (DE# 35, 1/22/20) ("To the extent the Subpoena seeks evidence from AMKE that is confidential or protected by a privilege, AMKE should prepare a privilege log."). It is further ORDERED and ADJUDGED that AMKE shall produce responsive documents to the August 2019 subpoena in one of two ways.  On or before September 30, 2020, AMKE shall produce responsive documents and then appear for deposition on or before October 14, 2020. If the parties cannot agree to a deposition date, the deposition shall occur on October 14, 2020 at 10 am.  Alternatively, on or before September 30, 2020, AMKE shall appear for deposition and produce responsive documents. If the parties cannot agree to a deposition date, the deposition shall occur on September 30, 2020 at 10 am.  Should AMKE not provide the documents prior to the deposition, a second deposition of AMKE may be taken by the applicant.

4. AMKE's Expedited Motion for Disclosure of Documents Obtained Via *Ex-Parte* Discovery and to Preclude Affirmative Use of Same (DE# 95, 8/28/20) is DENIED. AMKE's motion is untimely. As more fully explained below, the applicant was not required to provide notice to AMKE regarding the original subpoenas and did not violate this Court's orders or the federal discovery rules.  AMKE knew about the issuance of the

original subpoenas for months and waited until the business day before the August 31, 2020 hearing to file its motion.   Additionally, AMKE failed to support its expedited motion with a memorandum of law in contravention of Local Rule 7.1 of this Court and failed to provide grounds for the motion to be expedited.

## **ANALYSIS**

### I.   **Motion to Intervene**

The Avellan daughters as well as three companies, Inversiones Alabamas, Singletary, and Honaker ("corporate intervenors") seek to intervene to protect their financial privacy and interests in the Section 1782 foreign discovery from third-party financial institutions located in Miami, Florida.  In the original subpoenas, the Avellan daughters are defined as "Related Persons" and the corporate entities, Inversiones Alabamas**,** Singletary, and Honaker, are defined as "Related Entities."   The requested[6] subpoenas that are the subject of the Applicant's Motion for Leave to Issue Additional Subpoenas (DE# 60, 6/15/20) do not include a definition for "Related Persons" but continue to define "Related Entities" to include the corporate entities, Inversiones Alabamas, Singletary and Honaker.  As more fully explained below, the Motion to Intervene (DE# 66, 6/29/20) is denied as to the original subpoenas and granted only as to the corporate intervenors as to the requested subpoenas because the requested subpoenas seek financial records of the corporate intervenors but not the individual intervenors, that is the Avellan daughters.

---

[6] The four subpoenas that are the subject of the Applicant's Motion for Leave to Issue Additional Subpoenas (DE# 60, 6/15/20) will be referred to as the "requested subpoenas." See, Exhibit (DE# 60-1, 6/15/2020).  The five subpoenas that were the subject of the applicant's Section 1782 Application (DE# 1, 8/2/19) will be referred to as the "original subpoenas."  See, Composite Exhibit B (DE# 1-2, 8/2/19).

Rule 24 of the Federal Rules of Civil Procedure governs intervention. To intervene as a matter of right, the movants must satisfy the following requirements:

(1) The motion to intervene must be timely filed;
(2) The applicant must have an interest relating to the property or transaction that is the subject of the action;
(3) The applicant is situated in a manner that impairs or impedes his ability to protect his interest; and
(4) The applicant's interest is not already adequately represented by the existing parties.

Fed. R. Civ. P. 24; Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989); and Bellitto v. Snipes, No. 16-cv-61474, 2016 WL 5118568, *1 (S.D. Fla. Sept. 21, 2016).

Alternatively, Rule 24 allows permissive intervention where a movant has a "claim or defense that shares with the main action a common question of law or fact" and intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Id. A court considering permissive intervention considers the same four factors as intervention as of right "as well as whether the proposed intervention will unduly delay or prejudice the adjudication of the parties' rights." In re Hornbeam, No. 14 Misc. 424 (Part 1), 2015 WL 13647606, at *2 (S.D.N.Y. Sept. 19, 2015) (citations omitted).

A. Intervention as of Right

1. Timeliness

The Eleventh Circuit has indicated that timeliness does not specifically delineate a length of time.  Chiles, 865 F.2d at 1213. A court should consider the following four factors when considering the timeliness of a motion to intervene:

(1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene;

(2) the extent of prejudice to the existing parties as a result of the would-be
intervenor's failure to apply as soon as he knew or reasonably should have
known of his interest;

(3) the extent of prejudice to the would-be intervenor if his petition is denied; and

(4) the existence of unusual circumstances militating either for or against a
determination that the application is timely.

Bellitto, 2016 WL 5118568, at *2 (quoting United States v. Jefferson City, 720 F.2d

1511,1516 (11th Cir. 1983)).

In their motion to intervene, the Avellan daughters claim to have learned about

this proceeding "only after the financial institutions produced documents in response to

the subpoenas permitted by the Court approximately ten (10) months ago."  (DE# 66, 6-

7, 6/29/20).  At best, the intervenors knew of this proceeding approximately five (5)

months ago since February 3, 2020 (before the COVID-19 pandemic shut down), when

CA Indosuez Wealth and the applicant publicly stipulated to a protective order regarding

production of documents or approximately six (6) months ago when UBS made its

production of documents in December 2019. At worst, the intervenors arguably have

had notice of this proceeding since August 2019, when AMKE was served with the

subpoena on August 20, 2020, approximately ten (10) months before the motion to

intervene was filed.

AMKE, which is wholly owned by the law firm of Aballi Milne & Kalil, P.A., is the

registered agent of Singletary.  Camilla and Carla Avellan are the owners of Singletary

and thus, clients of AMKE. The applicant argues that "it is hard to believe that a third

party discovery target, AMKE—who has complained time and again about the lack of

notice given to interested parties in this proceeding—would unilaterally choose to

engage in a more than ten-month long legal battle without giving timely notice to its

clients."  Response at 2 (DE# 70, 7/7/20).

In their reply, the intervenors argue that this Court should consider their motion to intervene timely because the applicant failed to provide notice pursuant to the Federal Rules of Civil Procedure. The intervenors argue that the applicant "was obligated to notify the Intervenors as parties and *expected* adverse parties pursuant to Rules 27, 30 and 45 ...." Reply at 8 (DE# 75, 7/20/20)(emphasis in original) (citing In re Rivada Networks, 230 F. Supp. 3d 467, 473 (E.D. Va. 2017)). Rule 45 requires notice to be "served on each party to an action before a subpoena for documents and tangible things is served." In re Rivada Networks, 230 F. Supp. at 473 (citing Rule 45(a)(4) (emphasis added); and In re Edelman, 295 F.3d 171, 178-79 (2d Cir. 2002) (explaining that the protections of Rule 45 apply to persons subpoenaed under Section 1782)). "Rule 30 requires a party authorized to conduct a deposition under [Section] 1782 to provide advance notice of the deposition to other parties." Id. (citing Rule 30(b)(1); and In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, 16 F.3d 1016, 1019-20 (9th Cir. 1994) (emphasis added)); In re Hornbeam, No. 14 Misc. 424 (Part 1), 2015 WL 13647606, at *15-16 (S.D.N.Y. Sept. 19, 2015) (granting permissive intervention where timeliness was not disputed because motion to intervene was filed within one (1) month of learning of the Section 1782 proceeding and other factors were satisfied); In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 31 (S.D.N.Y. 1991)). Under Rule 27, "even *expected* adverse parties are entitled to notice before a deposition or tangible thing is taken pursuant to a [Section] 1782 subpoena." In re Rivada Networks, 230 F. Supp. at 473 (emphasis in original) (citing Fed. R. Civ. P. 27).

As the intervenors argue, some non-binding and non-precedential court decisions find that the federal discovery rules implicitly require notice to parties or

9

expected active parties in Section 1782 proceedings. The undersigned finds that the applicant did not violate any of the Court's orders regarding the original subpoenas and the applicant was not required to provide notice of the original subpoenas to the intervenors under Rules 27, 30 and 45. The undersigned finds that it is appropriate for the applicant to provide notice to the corporate intervenors of the requested subpoenas.

In In re Rivada Networks, the court found the motion to intervene was timely because it was filed within one (1) week of learning that the deposition was taken despite the 1782 applicant's failure to provide advance notice.  In In re Rivada Networks, to resolve the applicant's failure to provide notice under the Federal Rules of Civil Procedure, the court held that the intervenor was entitled to an opportunity to examine the witness because the deposition was not closed and held that the applicant must provide the intervenor an opportunity to inspect any documents or tangible things produced pursuant to the Section 1782 subpoena.

 In Chiles, the court found that a motion to intervene was timely filed because it was filed "seven (7) months after Senator Chiles filed his original complaint, three (3) months after the government filed its motion to dismiss, and before any discovery had begun."  Chiles, 865 F.2d at 1213 (emphasis added). Unlike Chiles, in the present case, the intervenors waited five (5) to ten (10) months after they learned of the subpoenas to file their motion to intervene.  Motion at 6 (DE# 66, 6/29/2020).   Targets of the original subpoenas, except AMKE, have already responded to the discovery requests.

The motion to intervene is untimely as to the original subpoenas, including the AMKE subpoena, because it was filed five months, six months or ten months after the intervenors knew or should have reasonably known.  However, because the federal

rules may be interpreted to contemplate notice on "expected adverse parties" and the Avellan daughters as well as their companies have an objection proceeding pending in Ecuador to determine whether the companies should be included in the marital inventory, the applicant is required to copy and produce to the intervenors' counsel any financial documents pertaining to the intervenors that were responsive to the original subpoenas. The intervenors shall pay for the cost of any copies.

The motion to intervene regarding the applicant's motion for leave to issue additional subpoenas is timely because it was filed within two weeks of the applicant's filing of the motion for leave.  The applicant shall provide notice of the additional subpoena duces tecum to the six "Related Entities" identified in the additional subpoenas: Inversiones Alabamas, Singletary, Honaker, Aceria del Ecuador C.A., Kona Marketing Limited, and Eldine Trading Limited.

2.  <u>Interest</u>

For a party to intervene, he must have an interest in the underlying action. Fed. R. Civ. P. 24.  This Court has noted that an individual has a "personal right or privilege with respect to her financial records and thus has standing to challenge the subpoenas." <u>Gabriel v. G2 Secure Staff, LLC</u>, 225 F. Supp 3d 1370, 1372 (S.D. Fla. 2016).  Unlike the original subpoenas, the additional subpoenas do not include a definition of "related persons" and do not list Camilla or Carla Avellan at all. Since neither Avellan daughter has a personal right or interest regarding the accounts identified in the additional subpoenas, neither daughter can satisfy this factor and neither daughter should be permitted to intervene.  Unlike the Avellan daughters, Inversiones Alabamas, Singletary, and Honaker are identified as "Related Entities" in the definitions of the additional

subpoenas.  Accordingly, Inversiones Alabamas, Singletary and Honaker satisfy the "interest" factor for intervention.

### 3.   Impaired Ability to Protect Their Interest

The next factor to consider when granting a motion to intervene is to determine whether the intervenors are so situated that disposing of the action will impede or impair their ability to protect their interest. Fed. R. Civ. P. 24.  The Eleventh Circuit has described this interest as a "direct, substantial, legally protectable interest in the proceedings."  Worlds v. Dep't of Health and Rehab. Servs., 929 F.2d 591, 594 (11th Cir. 1991); In re Departments of Antioquia, Caldas, Cundinamarca and Valled Del Cauca for Judicial Assistance in Obtaining Evidence in this District under 28 U.S.C. 1782, 2016 WL 10707016, at *1 (S.D. Fla. 2016).  In the present case, Inversiones Alabamas, Singletary and Honaker may have interests or privacy rights in the financial documents that are sought in the additional subpoenas and thus, they satisfy this factor, but the Avellan daughters do not.

### 4.   Inadequate Representation

The moving applicant must show that the existing parties in the action do not adequately represent his interests.  Fed. R. Civ. P. 24. The Eleventh Circuit has indicated that an intervenor "need only show that the current plaintiff's representation 'may be inadequate,' however, and the burden for making such a showing is 'minimal.'" Stone v. First Union Corp., 371 F.3d 1305, 1311 (11th Cir. 2004); In re Pinchuk, 2014 WL 12600728, at*4.  In the present case, the subpoenaed financial institutions would only respond to the specific subpoena requesting documents from it.  The financial information of the corporate entities may be left without adequate protection.

Inversiones Alabama, Singletary, and Honaker have met the minimal showing required to satisfy the inadequate representation factor, but the Avellan daughters have not.

The Motion to Intervene is granted in part and denied in part. The Motion to Intervene is denied as to all five movants regarding the original subpoenas because the motion is untimely as the intervenors waited between five (5) and ten (10) months to file their motion to intervene. The Motion to Intervene is granted regarding the requested subpoenas only as to the corporate intervenors, Inversiones Alabama, Singletary and Honaker and is denied as to Avellan daughters. Because Inversiones Alabama, Singletary, and Honaker satisfy the four factors for intervention as of right regarding the requested subpoenas, the Motion to Intervene regarding the requested subpoenas is granted as to the corporate intervenors. The Motion to Intervene is denied as to Camilla Avellan and Carla Avellan because the requested subpoenas do not seek the Avellan daughters' individual financial records and the requested subpoenas do not reference them at all.

B. Permissive Intervention

The undersigned will address the issue of permissive interventions solely as it relates to the Avellan daughters' Motion to Intervene regarding the requested subpoenas. The Avellan daughters are not included in the definition of "Related Parties" in the requested subpoenas. Because the requested subpoenas do not request the financial records of the Avellan daughters, the Avellan daughters have not presented a "claim or defense that shares with the main action a common question of law or fact" and have not shown that intervention will not "unduly delay or prejudice the

13

adjudication of the original parties' rights" regarding the additional subpoenas. Fed. R. Civ. P. 24.  Accordingly, the Motion to Intervene is denied as to the Avellan daughters.

**II.    Motion for Leave to Serve Additional Subpoenas**

On June 15, 2020, the applicant filed the Applicant's Motion for Leave to Serve Additional Subpoenas (DE# 60, 6/15/20). On August 13, 2019, this Court granted Applicant's request for judicial assistance to obtain discovery in aid of an inventory proceeding pending in Ecuador and found that the Applicant's request met the statutory requirements in Section 1782. See Order Granting Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C § 1782 (DE# 5, 8/13/19). Additionally, the Order provided that "Applicant may seek leave of Court to serve additional follow-up subpoenas on any person, corporate entity, or financial institution found or residing in this District as may be necessary to obtain the testimonial or documentary evidence described in the Application." Id.

A district court has the authority to grant an application for judicial assistance if the following statutory requirements in Section 1782(a) are met:

> the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

28 U.S.C. § 1782(a); In re Clerici, 481 F.3d 1324, 1331-32 (11th Cir. 2007). This Court previously found that the applicant's original subpoenas satisfied the Section 1782 requirements.  The additional subpoenas also satisfy the Section 1782 requirements: 1) the applicant is an "interested person"; 2) the applicant seeks "testimony" of a person

and the production of a "document or thing"; 3) the applicant plans to use the evidence obtained in a "proceeding in a foreign tribunal" namely, the Ecuadorian proceedings involving marital assets; and 4) the financial institutions that are the target of the subpoenas are "found in the district."  28 U.S.C. § 1782(a). Where, as here, the Section 1782 requirements are met, then Section 1782 authorizes but does not require, a federal district court to provide assistance. Id.

Once a district court has determined that it is authorized to grant relief, it is free to grant relief in its broad discretion. The Court's discretion is guided by the discretionary factors recited by the Supreme Court in Intel:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" and therefore their evidence may be "unobtainable absent § 1782(a) aid";
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";
>
> (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and
>
> (4) whether the § 1782(a) request is "unduly intrusive or burdensome."

Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004).

## A.  Intervenor's Standing to Oppose the Requested Subpoenas

Although the requested subpoenas do not seek the financial records of the Avellan daughters and the undersigned denied the Avellan daughters' Motion to Intervene, the intervenors argue they have standing to oppose the requested

15

subpoenas because they have "a personal right or privilege with respect to the matter of the subpoena" because the Avellan daughters contend they are the legal owners of the corporate intervenors. See Gabriel v. G2 Secure Staff, *LLC*, 225 F. Supp. 3d 1370, 1372 (S.D. Fla. 2016). Additionally, "[n]umerous courts . . . have held that parties have a personal interest in their financial records sufficient to confer standing to challenge a subpoena directed to a third-party. Frenkel v. Acunto, No. 11-62422-CIV, 2014 U.S. Dist. LEXIS 131696, at *10 (S.D. Fla. Sep. 19, 2014).

The applicant argues that several documents indicate that the applicant's former husband, Carlos Avellán ("Avellan"), had sole ownership and control of the corporate intervenors throughout the years and thus the Avellan daughters do not have standing to oppose the Applicant's Motion for Leave to Issue Additional Subpoenas. The ownership of the corporate intervenors is the subject of an objection proceeding that was brought by the Avellan daughters and is currently pending in Ecuador.

The undersigned granted the Motion to Intervene only as to the corporate intervenors, not the individual intervenors, the Avellan daughters. The undersigned finds that the corporate intervenors have standing to challenge the requested subpoenas as intervenors.  The Avellan daughters do not have standing because the requested subpoenas do not reference them and do not seek their personal financial records.

### 1. Four *Intel* Factors

#### a. First *Intel* Factor:
#### The Financial Institutions Are Non-Parties in Foreign Action

The additional subpoenas that are the subject of the motion for leave target four additional financial institutions that are not parties to the foreign proceeding. The requested subpoenas seek testimony and documents from the following four financial

institutions: Banco Santander International, Goldman Sachs & Co., LLC, JP Morgan

Chase Bank, N.A., and Morgan Stanley & Co., LLC. See, Subpoenas, Comp. Ex. B

(DE# 60-2). This factor weighs in favor of issuance of the subpoenas.

> b. Second *Intel* Factor:
> Foreign Tribunal's Receptivity to U.S. Judicial Assistance

The intervenors argue that the underlying application and motion do not satisfy

the second and third *Intel* discretionary factors, and in support of this position, they point

to the Declaration of Victor H. Cevallos Barahona, the Ecuadorian counsel for the

Avellans. See Affidavit by Victor Hugo Cevallos Barahona attached as Exhibit A to the

intervenors' Reply (DE# 75-1). The intervenors state that under the procedural rules,

laws, and international treaties of the Ecuadorian nation, the *exclusive* method of

obtaining private financial documentary evidence abroad for use in an Ecuadorian civil

proceeding is through letters rogatory issued by either an Ecuadorian court or an

Ecuadorian consulate. Additionally, the intervenors argue that the applicant has not

complied with Ecuadorian law in gathering such evidence abroad and that she has

already requested information from the same entities and institutions listed in her first

round of subpoenas during the inventory proceedings in Ecuador. The intervenors

argue further that the applicant is attempting to circumvent the laws and procedures in

Ecuador for obtaining foreign evidence, and thus, the Ecuadorian court will be

unreceptive to the documents obtained through these proceedings as the assistance

was not requested through letters rogatory.

The intervenors contend they are not seeking a determination of discoverability

or admissibility of evidence in the foreign proceeding. Rather, in exercising the Court's

discretion, the intervenors are asking the Court to look at "the nature, attitude and

procedures of [Ecuador] as useful tools to inform it's discretion." Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F3d 79, 84 (2d Cir. 2004). In Schmitz, the Second Circuit explained that "although there is no requirement under § 1782 that the type of discovery sought be available in the relevant foreign jurisdiction, a court may look to the nature, attitude and procedures of that jurisdiction as "useful tool[s]" to inform its discretion." Id. Schmitz is factually distinguishable. In Schmitz, the German Ministry of Justice specifically requested that the federal court deny the petitioners' Section 1782 application. Additionally, the German authorities expressed concerns that granting discovery would jeopardize the ongoing German criminal investigation and "jeopardize German sovereign rights." Id. Unlike Schmitz, no such request from the Ecuador Family Court has been made in this case.

The applicant argues the Ecuador Family Court will be receptive to the evidence obtained through this Section 1782 proceeding. In support of this contention, the applicant states that the record is clear that the Ecuador Family Court will be receptive to the evidence as the Ecuador Family Court has ordered Mr. Avellan to produce bank account statements and other documents relating to the ultimate beneficial owners of Kona Marketing Limited, Honaker Corporation, and Eldine Trading on two separate occasions. Furthermore, the applicant states that Mr. Avellan failed to comply with the order on both occasions and committed fraud on the Ecuador Family Court by denying that he had any relations with said entities and refusing to produce any documents. The records produced by UBS and CA Indosuez pursuant to the Court's Order show that Mr. Avellan (i) formed and was a shareholder or officer of Kona, Honaker, and Eldine; (ii) opened several bank accounts for each of the companies and was an authorized

18

signatory on all of the accounts; and (iii) instructed the banks regularly to transfer millions of dollars between his companies' accounts. Consequently, the applicant argues that it is highly likely that the Ecuador Family Court will be receptive to receiving the evidence it requested twice from Avellan.

Additionally, the applicant argues that letters rogatory are not the exclusive mechanism by which Ecuadorian litigants may obtain documents abroad. The applicant states that Ecuadorian law provides for the use of public and private documents obtained abroad provided they are duly authenticated. See Article 188 of the Code of Civil Procedure ("Public documents produced in a foreign State will be as valid in Ecuador as they are in the State where they were produced as long as they are authenticated."). The undersigned agrees that letters rogatory are not the exclusive means to obtain foreign discovery for proceedings pending in Ecuador and that the receptivity of the foreign tribunal to Section 1782 discovery favors the applicant.

        c.   Third _Intel_ Factor:
              Circumvention of Proof-Gathering Restrictions in Ecuador

The intervenors repeat their argument that the applicant is attempting to circumvent the laws and procedures in Ecuador for obtaining foreign evidence because Ecuadorian law mandates the applicant to obtain the evidence in the United States through letters rogatory. The applicant restates her argument that the Ecuadorian court will be receptive provided the documents obtained outside Ecuador are authenticated. Additionally, the applicant argues that "the fact that a section 1782 application requests documents that would not be discoverable by the foreign court if those documents were located in the foreign jurisdiction is not enough to render the application a 'circumvention' of foreign rules." See In re Bernal, No. 18-21951, 2018 WL 6620085, *7

(S.D. Fla. Dec. 18, 2018); <u>Intel</u>, 542 U.S. at 253 (holding that section 1782 does not impose a foreign discoverability requirement). Additionally, <u>In re Bernal</u> states that "[l]ike the other Intel factors, this factor should not cause district courts to delve deeply into an analysis of the discovery procedures of foreign countries." 2018 U.S. Dist. LEXIS 212722, at *22.  The undersigned finds that the applicant's efforts to obtain foreign discovery in this Section 1782 proceeding is not an attempt to circumvent Ecuadorian law.  The third <u>Intel</u> factor favors the applicant.

d.  <u>Fourth <em>Intel</em> Factor:</u>
<u>"Unduly Intrusive or Burdensome"</u>

The fourth <u>Intel</u> factor allows the court to reject or trim unduly intrusive or burdensome requests. <u>Intel</u>, 542 U.S. at 265. The intervenors argue that the Avellan daughters have shown they are the sole owners of the Companies through uncontroverted evidence and thus the documents sought are irrelevant to the foreign proceeding and thus their personal finances should not be discoverable. The intervenors argue further that this Court should determine whether the request is "'made in bad faith or for the purpose of harassment.'" Response at 11 (DE# 89, 8/3/20); <u>In re Kivisto</u>, 521 Fed. App'x 886, 888 (11th Cir. 2013) (citations omitted); <u>United Kingdom v. United States</u>, 238 F.3d 1312, 1319 (11th Cir. 2001) ("If the District Court determines that a party discovery application under 1782 is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials, the court is free to deny the application in toto, just as it can if discovery was sought in bad faith in domestic litigation.").  The intervenors contend that the discovery sought is made in bad faith and for the purpose of harassment considering the closed criminal proceedings. The undersigned disagrees.  The ownership issue regarding the Companies has not

20

been determined yet despite the criminal proceedings that were closed without prejudice to reopen.  The Avellan daughters' objection to inclusion of the Companies in the marital inventory remains pending in Ecuador.  There is disputed evidence as to whether Mr. Avellan owned the Companies during his marriage to the applicant.  The undersigned finds that the subject discovery is relevant to the ownership issue and whether the Companies should be included in the marital inventory that remains pending in Ecuador.  The financial institutions that the applicant intends to serve with the additional subpoenas may have important documents and/or information regarding marital assets that should have been disclosed in the foreign proceeding, and thus, the documents sought are relevant to the foreign proceeding.

Additionally, the applicant argues that the intervenors lack standing to assert undue burden because although the Federal Rules of Civil Procedure allow courts "to quash or modify a subpoena if it subjects a person to undue burden, the party moving to quash the subpoena must show the subpoena subjects him [or her] to undue burden." In re Application of Mesa Power Group, LLC, 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012). The applicant argues that the intervenors will not be subject to undue burden because the subpoenas are directed at financial institutions and not the intervenors. "Florida recognizes an individual's legitimate expectation of privacy in financial institution records." Winfield v. Div. of Pari-Mutual Wagering, Dep't of Bus. Regulation, 477 So. 2d 544, 548 (Fla. 1985).  Although an individual has a right to privacy regarding her financial records, the right is not absolute.  Frenkel v. Acunto, No. 11-cv-62422, 2014 WL 4680738, *1 (S.D. Fla. Sept. 19, 2014). "A party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery...and courts

will compel production of personal financial documents and information if shown to be relevant by the requesting party". <u>Ochoa v. Empresas ICA, S.A.B. de C.V</u>., No. 11-23898-CIV, 2012 U.S. Dist. LEXIS 111177, at *18 (S.D. Fla. Aug. 8, 2012). The undersigned finds the financial records are relevant to the marital assets inventory proceeding. The intervenors have failed to show that the motion to issue additional subpoenas to financial institutions located within the district seek irrelevant financial information, is made in bad faith, or for the purpose of harassment. Accordingly, the fourth <u>Intel</u> factor weighs in the applicant's favor.

Because the applicant has satisfied the Section 1782 requirements and the four <u>Intel</u> factors weigh in her favor, the motion for leave to issue additional subpoenas is GRANTED. A protective or confidentiality order may be appropriate. <u>See Intel</u> and Fed. R. Civ. P. 45.

### B. <u>Candor to the Court</u>

The intervenors argue that the applicant failed to inform the Court of the findings and conclusions reached by the Ecuadorian prosecutor investigating the applicant's complaint. The applicant filed criminal complaints against the former husband, Mr. Avellan, accusing him of perjury regarding the ownership of Inversiones Alabama Corporation. The prosecutor failed to file charges finding that the allegations were unsubstantiated, and the case was closed. The intervenors claim that the Ecuadorian prosecutor's findings and conclusions determine that Mr. Avellan was not the owner or shareholder of Inversiones Alabama Corporation, and the only shareholder and owners were the Avellan daughters.

The applicant argues that the dismissal of criminal complaints are not findings of any criminal court of Ecuador and therefore are not *res judicata*. The applicant supports this contention by citing to Molina Novillo's Declaration. Additionally, the applicant asserts that if these findings were final and binding, the Ecuador Family Court would not need to conduct an ordinary trial as a result of the Avellan daughters' filing to exclude Inversiones Alabamas from the marital inventory.  The Avellan daughters' objection to inclusion of their companies is pending as a separate proceeding in Ecuador.

The undersigned rejects the intervenors' argument based on an alleged lack of candor to the Court. The undersigned finds that the Ecuadorian prosecutor's findings of the criminal investigations requested by the applicant are not findings of a court, not binding and not considered *res judicata*. The Ecuadorian prosecutor's discretionary decisions not to prosecute were made without prejudice and are not *res judicata* regarding the ownership of the companies or whether they should be included in the inventory of the marital assets pending in the foreign proceeding.  The issue regarding the ownership of the companies that the applicant seeks to include as marital property in the inventory proceeding and the Avellan daughters seek to exclude remains pending in the Ecuadorian proceedings.

 The applicant has satisfied the Section 1782 requirements to obtain foreign discovery and all four <u>Intel</u> factors weigh in the applicant's favor.  The Applicant's Motion for Leave to Issue Additional Subpoenas (DE# 66, 6/15/20) is GRANTED.  The applicant shall provide notice of the subpoena duces tecum to the six "Related Entities" identified in the additional subpoenas including the three corporate intervenors.

### III.   Motion to Compel AMKE to Respond to Subpoena

The applicant's Motion to Compel (DE# 63, 6/15/20) AMKE to comply with the August 20, 2019 Subpoena *Duces Tecum* is granted for the reasons stated on the record as well as the reasons that follow.  This Court granted the Applicant's Section 1782 discovery and authorized the applicant to serve the subpoena on AMKE in August 2019. (DE# 5, 8/13/19). On August 20, 2019, the applicant served the subpoena on AMKE.  This Court denied AMKE's motion to vacate (DE# 9) the order that authorized the Section 1782 discovery and issuance of the subject subpoena. See Order dated January 22, 2020 (DE# 35, 1/22/20). In the January 22, 2020 Order, the undersigned ruled that "[t]o the extent the Subpoena seeks evidence from AMKE that is confidential or protected by a privilege, AMKE should prepare a privilege log."  Id. at 15. The District Court affirmed the undersigned's Order over AMKE's Objections (DE# 49, 3/20/20). See, Order Affirming Order of the Magistrate Judge Denying Respondent AMKE Registered Agents, LLC's Motion to Vacate and Quash (DE# 35), and Closing Case (DE# 50, 4/13/20).

To date, AMKE has failed to respond to the subpoena and has failed to serve a privilege log.  In its motion to vacate or quash the subpoena, AMKE argued that the subpoena is overly broad because it requests documents since December 1,1999, and this Court rejected that argument. AMKE's appeal of the order granting the applicant's Section 1782 discovery is pending before the Eleventh Circuit. See Notice of Appeal (DE# 51, 5/4/20).  This Court denied AMKE's motion to stay while the appeal is pending. (DE# 73, 7/15/20).  AMKE filed a separate motion to stay in its appeal which remains pending in the Eleventh Circuit. See Notice of Filing Motion for Stay from the

24

U.S. Court of Appeals for the Eleventh Circuit and Adoption of Argument (DE# 98, 8/31/20).  AMKE did not serve objections to the original subpoena until the day before the August 31, 2020 hearing.  See, Notice of Filing AMKE's Supplemental Objections to the August 13, 2019 Subpoena (DE# 97, 8/30/20).

The federal rules of discovery govern the production of documents when Section 1782 discovery is authorized. 28 U.S.C. § 1782. Rule 45 applies to issuing subpoenas and Rule 37 governs compelling discovery.  Fed. R. Civ. P. 37, 45.  The Eleventh Circuit has permitted applicants to successfully move to compel discovery when respondents refuse to cooperate.  Republic of Ecuador v. Hinchee, 741 F.3d 1185 (11th Cir. 2013).  In Hinchee, the Eleventh Circuit affirmed a district court's order compelling a subpoena recipient in a § 1782 proceeding to produce documents.  Id. at 1195.  Moreover, the Eleventh Circuit reiterated the policy behind our federal discovery rules to "favor full discovery whenever possible."  Id. at 1189.

In a similar case, the district court for the Southern District of New York compelled respondents in an international discovery dispute to produce documents in accordance with a subpoena issued under Section 1782.  In re Application of Bloomfield Inv. Res. Corp., 315 F.R.D. 165, 169 (S.D.N.Y. 2016).  In Bloomfield, the respondents unsuccessfully argued that the production of documents would impose an undue burden because of logistical issues regarding location of the documents.  Id. at 168.

In the present case, this Court previously authorized the issuance of the subpoena targeting AMKE in August 2019 (DE# 5, 8/13/2020) and rejected AMKE's sole "over broad" objection as to the twenty-year time frame of the scope of the subpoena, which correlated to the duration of the marriage.  The Court denied AMKE's

motion to vacate the subpoena.

Pursuant to Rule 45, a subpoena recipient has fourteen days after it has been served within which to file its objections. Fed. R. Civ. P. 45(d)(2)(b). The undersigned finds that AMKE waived its objections and privilege arguments regarding the subpoena because AMKE had an opportunity to raise its objections in its initial motion to quash or vacate and AMKE failed to raise any objection other than "over broad," which the undersigned rejected and the Court affirmed. Additionally, AMKE failed to serve a privilege log despite the undersigned's January 22, 2020 Order that ruled that AMKE should prepare a privilege log and failed to serve objections until Sunday, August 30, 2020. Although the undersigned finds that AMKE waived its objections and claims of privilege, the undersigned would rule against AMKE's objections on the merits. General objections are not permitted by the federal discovery rules. The undersigned previously overruled AMKE's overbroad objection as to discovery sought for the duration of the marriage through divorce and this Court affirmed.

This Court denied AMKE's motion to stay discovery while its appeal is pending before the Eleventh Circuit. (DE# 73, 7/15/2020). The Court authorized the Section 1782 subpoena that seeks a deposition *duces tecum* of AMKE and denied AMKE's motion for stay. The motion to stay before the Eleventh Circuit remains pending. Accordingly, the applicant's Motion to Compel (DE# 63, 6/15/20) is GRANTED.

### IV.    AMKE's Expedited Motion to Require Disclosure of Documents Obtained Via *Ex Parte* Discovery and to Preclude Affirmative Use of Same

On the business day before the August 31, 2020 hearing, AMKE filed its Expedited Motion for Disclosure of Documents Obtained Via *Ex-Parte* Discovery and to

Preclude Affirmative Use of Same (DE# 95, 8/28/20).  AMKE failed to file a

memorandum of law in support of its expedited motion in contravention of this Court's

Local Rule 7.1(a) and failed to provide grounds for the motion to be expedited.  Later

that same day, the applicant filed her Objection and Preliminary Response in Opposition

to Expedite Motion to Require Disclosure of Documents Obtained Via Ex Parte

Discovery and to Preclude Affirmative Use of Same (DE# 96, 8/28/20).

The undersigned finds that AMKE's Expedited Motion for Disclosure of

Documents Obtained Via *Ex-Parte* Discovery and to Preclude Affirmative Use of Same

(DE# 95, 8/28/20) is untimely and AMKE lacks standing to obtain the production of

evidence from the other recipients of the original subpoenas. AMKE knew of the original

subpoenas for months but waited until the business day before the scheduled hearing to

raise the issue of lack of notice. AMKE is not defined as a "Related Entity" in any of the

other original subpoenas and no discovery regarding AMKE is sought from the other

targets of the original subpoenas.  This Court has authorized issuance of the Section

1782 original subpoenas directed to other recipients for use in the Ecuadorian

proceedings. AMKE's motion is untimely, AMKE's motion lacks a supporting

memorandum of law in contravention of this Court's Local Rules and AMKE lacks

standing because the original subpoenas directed to other recipients do not mention

AMKE and do not seek documents regarding AMKE.  AMKE's attempt to cure its failure

to provide legal support for its expedited motion with an eleventh hour[7] Notice of Filing

Motion for Stay from the U.S. Court of Appeals for the Eleventh Circuit and Adoption of

Argument (DE# 98, 8/31/2020) is futile.  AMKE's Expedited Motion for Disclosure of

---

[7] The Court docket reflects the notice was filed at 7:52 am on Monday, August 31, 2020 for a 10:00 am hearing that same day, which was set on August 7, 2020. See Order (DE# 90, 8/7/20).

Documents Obtained Via *Ex-Parte* Discovery and to Preclude Affirmative Use of Same

(DE# 95, 8/28/20) is DENIED.

**DONE AND ORDERED** in Chambers at Miami this <u>7th</u> day of September 2020.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE